## Commonwealth v. Barton.

(Decided April 30, 1913.)

### Appeal from Cumberland Circuit Court.

1. Accomplice—What Included in Term "Accomplice"—Criminal Law—Accessories.—The term "accomplice," in its full meaning, includes all persons who have been concerned in the commission of a crime, whether they are considered in strict legal propriety as principals in the first or second degree, or merely as accessories before or after the fact.

2. Evidence—Accomplice—Conviction on Unsupported Testimony of—Practice at Common Law in Respect to.—Under the common law it was not a rule of law, but of practice only, that a jury should not convict on the unsupported testimony of an accomplice; and if a jury chose to act on such evidence only, the conviction could not be quashed as bad in law.

3. Evidence—Accomplice—Conviction Upon Testimony of—Provision of Section 241 Criminal Code.—Section 241 of the Criminal Code of Practice, which provides that a conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, applies to misdemeanors, as well as to felonies.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General for appellant.

P. SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Certifying the Law.

The appellee, Robert Barton, castrated a boar belonging to Langston Durberry. The boar died and Barton was indicted under section 1249 of the Kentucky Statutes, which reads as follows:

"If any person shall unlawfully kill, disfigure, injure, maim, poison or attempt to administer poison to any cat-

tle not his own, he shall be fined not less than ten nor more than one thousand dollars, or imprisoned not less than one nor more than twelve months, or both so fined and imprisoned.''

The only witnesses to the affair were Frazier and Robinson, who testified that at the request of Barton, Frazier held the hog's nose to keep it from squealing, and Robinson held the hog's legs while Barton castrated him. At the conclusion of this evidence, the trial court instructed the jury to find the appellee not guilty, which was done, upon the ground that Frazier and Robinson being accomplices and equally guilty with Barton, and uncorroborated, the charge had not been proved. The Commonwealth appeals.

This ruling was made under sections 241 and 242 of the Criminal Code of Practice, which read as follows:

''Sec. 241. A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof.''

''Sec. 242. In all cases where, by law, two witnesses, or one witness with corroborating circumstances, are requisite to warrant a conviction, if the requisition be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, by which instruction they are bound.''

Unquestionably Frazier and Robinson were accomplices of Barton. It is stoutly contended, however, in behalf of the Commonwealth that these sections of the Code relating to the evidence of accomplices, do not apply in misdemeanor cases. In support of this contention appellant points out that under section 11 of the Criminal Code, it is provided that a public offense, of which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth, and that the proceedings in penal actions are regulated by the Code of Practice in civil actions. It is argued that this code provision puts misdemeanors, punishable by a fine only, upon the footing of civil actions. On the other hand, appellee contends that in penal actions a plea of ''not guilty'' is sufficient, and unanimity of the jury is required to find a verdict; thus confining the action in these two respects, at least, within the rules applicable to criminal prosecutions.

If the question had to be decided under the common law, and without the influence of precedents or the statute, we would be inclined to give great weight to the argument of appellant. The term "accomplice," in its full meaning includes all persons who have been concerned in the commission of a crime, all *participes criminis*, whether they are considered in strict legal propriety as principals in the first or second degree, or merely as accessories before or after the fact. Bouvier's Dic.

The earlier definitions substitute the term "felony" for the term "crime" as used above; and in the later definitions the term "felony," "crime," and "offense," are used indifferently. Under the common law it was not a rule of law, but of practice only, that a jury should not convict on the unsupported testimony of an accomplice; and if a jury chose to act on such evidence only, the conviction could not be quashed as bad in law. Stephen's Dig. Ev. Art., 121. The books lay it down as the better practice at common law for the judge to advise the jury to acquit, unless the testimony of the accomplice be corroborated, not only as to the circumstances of the offense, but as to the participation of the accused in the transaction; and, when several parties are charged, that it is not sufficient that the accomplice should be confirmed as to one or more of the prisoners, to justify a conviction of those persons with respect to whom there is no confirmation.

But the provisions of sections 241 and 242, *supra*, change the common law rule, and are sufficiently broad to make the rule there laid down applicable to misdemeanors as well as to felonies. Section 5 of the Criminal Code provides, that "public offenses are felonies and misdemeanors;" while section 241, *supra*, requires the accomplice to be corroborated to connect the defendant with the commission of an "offense," and that the corroboration is not sufficient if it merely show that the "offense" was committed, and the circumstances thereof.

It is clear, therefore, that the foregoing sections of the Criminal Code are sufficiently broad in their terms, to include both felonies and misdemeanors, since both are public offenses. Furthermore, we are not without a precedent to sustain this conclusion.

The question came squarely before the Supreme Court of Arkansas, in State v. Davis, 38 Ark., 581, where Davis was indicted for winning a quart of whisky in a game of "Seven-Up" with Tom Duncan, King Duncan

and Morgan. The State relied solely upon the testimony of the two Duncans and of Morgan, the accomplices in the game; and, in that case as in this, the circuit court peremptorily instructed the jury to find the defendant not guilty. Section 1938 of Gantt's Arkansas Digest is a *verbatim* copy of section 241 of the Kentucky Criminal Code of Practice, above quoted. In affirming the ruling of the circuit court, the Supreme Court of Arkansas said:

"It is submitted by the Attorney-General, that this section applies to felonies only, and not to misdemeanors; but its expressions are general, and there is nothing in its context to indicate that it was the intention of the Legislature to limit its application to felonies.

"At common law, the practice of requiring confirmation of an accomplice, applied to misdemeanors as well as felonies. Roscoe Cr. Ev. 156; 1 Phillips Ev., 112; 2 Russell on Crim., 967.

"Regina v. Farler, 8 Car. & Payne, 106, is cited by Roscoe, Phillips and Russell, to show that it applied in misdemeanors.

"Before the Statute it was matter of practice; but the Statute makes it absolute law, that the testimony of an accomplice must be corroborated to warrant a conviction, and the law applies to misdemeanors as well as felonies."

Again, in Huffman v. State, 57 Tex. Cr. App., 399, 123 S. W., 596, Huffman was convicted for malicious mischief, and fined five dollars, upon the testimony of White who was a confessed actor and participant in the crime charged, and equally guilty with Huffman. Section 781 of the Texas Code of Criminal Procedure is the equivalent of section 241 of the Kentucky Code. In reversing the conviction, the court said:

"The evidence is insufficient to sustain the conviction. While there can be, in a strictly legal sense, no accomplice in a misdemeanor case, yet it has been uniformly held that the word 'accomplice' as used in article 781 of the Code of Criminal Procedure of 1895 has a distinct and different meaning from its technical definition as contained in article 79 of the Code. As used in the article requiring corroboration, it includes principals, accessories, and all persons who are *particeps criminis* and connected with the crime by unlawful act or omission, transpiring either before, at the time, or after the commission of the offense, and whether such person was present or participating in the crime or

not. See article 781, Code Cr. Proc., 1895, Merritt v. State, 12 Tex. App., 203, and Phillips v. State, 17 Tex. App., 169. Indeed the authorities might be multiplied indefinitely, and are numerous and uniform in sustaining this proposition.''

In view of the broad terms of section 241 *supra,* and the construction placed upon a statute identical in its terms with our statute by the Supreme Court of Arkansas we are of opinion that the trial court properly ruled that it applied to all kinds of offenses—misdemeanors as well as felonies.

This opinion is certified as the law of the case.