## Fields, Sr. v. Commonwealth.

(Decided January 12, 1923.)

### Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Transportation of Liquor—Accomplices.— One in control of a vehicle or horse, upon or in which another is riding with him, is not guilty of transporting liquor or of being an accomplice in its transportation when he knows his companion has in his direct personal custody, and on his person, a small quantity of liquor.

2. Intoxicating Liquors—Appeal and Error—Waiver.—Even if it affirmatively appears the court instructed the jury orally if the question is not raised by defendant until the motion and grounds for a new trial, there is a waiver by him of the right to insist upon same on appeal.

3. Intoxicating Liquors—Instructions.—In a prosecution under the enforcement act of 1920 it was not prejudicial error for the court in its instructions to fix the minimum fine at one hundred dollars as prescribed by the enforcement act of 1922, where the jury fixed in its verdict an amount larger than the minimum in either act, and which was between the minimum and maximum in each of them.

J. B. SNYDER and SNYDER & ADKINS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant was indicted charged with the offense of unlawfully transporting intoxicating liquors, and on his trial was found guilty. His application for a new trial was denied, and he has appealed.

His grounds for reversal are (1) that the evidence was insufficient to sustain the verdict; (2) that the court erred in admitting incompetent evidence against him; and (3) because of error in the instructions, and failure of the court to instruct the jury in writing.

Only two witnesses were introduced for the Commonwealth, Dow Shackelford and Sarah Ann Shackelford, his wife. The former stated in substance that in the winter of 1921-1922, and since the 1st of January, 1922, he saw appellant at the ford of the creek near where the witness lived, and that he had a pint bottle half full of moonshine liquor; that defendant got on his horse and rode behind him for a distance and gave him a drink of the liquor, which he took. The woman states in substance that she saw her husband and Fields riding on the horse, and saw the latter give her husband a drink out of a bottle, but does not claim to know the contents of the same.

The contention is made that as Shackelford, knowing defendant had the whiskey in his possession, permitted him while in possession of the same to ride on the horse with him, the witness was himself guilty of transporting whiskey and was an accomplice in the act of transportation; and that under these circumstances the evidence of the accomplice being the only evidence of appellant's guilt, he was entitled to a peremptory instruction under the provisions of sections 241 and 242 of the Criminal Code. And the further contention is made that even if the evidence of Sarah Ann Shackelford may be deemed corroborative, within the meaning of that section, of her husband's testimony, still it was the duty of the court to instruct under the terms of section 241, which it failed to do.

The first inquiry then is whether under the facts stated Dow Shackelford was an accomplice of appellant. While the evidence is indefinite as to whether Shackelford knew at the time he permitted appellant to get up on his horse behind him and ride, he had in his custody the small quantity of liquor, it may be assumed for the purposes of this case that he had such knowledge.

The earnest contention is made that under the case of Green v. Commonwealth, 195 Ky. 698, Shackelford was guilty himself of transporting liquor, and that, therefore, the provisions of section 241 are applicable. In that case appellant, who was the owner of an automobile,

and four or five others got into his car, which was driven by appellant's son.

In the car at the time was a quart jar of whiskey, from which several of those present, including the owner of the car, took a drink, but who owned the whiskey or placed it in the car did not appear. The defendant in that case admitted he took a drink from the jar and then placed it in the bottom of the car and the same was then transported in his car for several miles without knowledge upon his part of its ownership or who had placed it therein. In that case the defendant although not the owner of the whiskey, and not knowing at the time who was the owner of it, in a sense adopted the custody and control of the same by taking a drink out of it and then placing it on the floor of his own car and thereafter transporting the same therein.

The facts here are essentially different; Shackelford merely permitted a man to ride behind him on his horse when he knew that man had in his immediate personal custody—presumably in his pocket—a small quantity of whiskey; Shackelford never in fact had the direct custody or control of the whiskey, except possibly momentarily when he took a drink from the bottle. It would have been an invasion by Shackelford of the personal rights of appellant if he had, while temporarily the custodian of the whiskey, thrown it away or poured it out, while in the Green case, there being no claimant to the ownership or personal custody of the whiskey, it was incumbent upon the owner of the car to refuse to permit the same to be transported in his machine.

So the question is, is one in control of a vehicle or horse, upon or in which another is riding with him, guilty of transporting liquor if he knows his companion has in his direct personal custody, and on his person, a small quantity of liquor? To so hold would not only be a perversion of the spirit of our statute by making one guilty of transporting liquor who had never in fact been the actual owner or custodian of it either in person or by his agent, but would weaken the enforcement of the statute against transportation because of the requirement of section 241 that his evidence should be corroborated.

Our conclusion therefore on this branch of the case is that Shackelford was not guilty of transporting liquor, and was not, therefore, an accomplice of appellant, and consequently it was unnecessary for the court to instruct under section 241.

This disposes of the first two questions made, and the remaining questions are whether there was prejudicial error in the instructions given and whether the court erred in failing to instruct the jury in writing.

Dealing with the last proposition first, it is sufficient to say that it nowhere appears in the transcript the instructions were not given in writing. In the bill of exceptions it is recited that after the conclusion of the defendant's evidence "The court on its own motion instructed the jury as follows," and then the instructions are copied. There is nothing in any order of the court nor in the bill of exceptions showing that the manner of instructing the jury was at any time called in question, the only reference whatsoever being in the motion and grounds for a new trial, wherein there is a mere recital that the court failed to instruct the jury in writing.

Even if it affirmatively appeared the court had instructed the jury orally, and the question had not been raised until the motion and grounds for a new trial, there would have been a waiver by appellant of the right to insist upon same on appeal. Whitaker v. Commonwealth, 188 Ky. 95.

It is further insisted that as the evidence showed the offense was committed in the winter of 1921-1922 and since the 1st of Janury, 1922, it was necessarily before the 22nd of March, 1922, when the present law became effective; and that, therefore, as the instruction was based on the present law wherein the minimum fine is one hundred dollars, it was erroneous and prejudicial because the minimum fine under the law in force prior to the 22nd of March, 1922, was only fifty dollars. If the minimum fine had been assessed in this case under the present act at one hundred dollars, this would be prejudicial error; but the fact is the fine was fixed in the verdict and judgment at two hundred dollars which was between the minimum and maximum in each one of the statutes referred to, and that amount might have been properly fixed by the jury under either of them. This error, therefore, appears to be wholly immaterial and non-prejudicial.

Judgment affirmed.