## Dearing v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Caldwell Circuit Court.

1. Intoxicating Liquors—Submission to Jury.—Where an indictment charges the accused with the offense of selling intoxicating liquor, not for sacramental, medicinal, scientific or mechanical purposes, committed within one year before the finding of the indictment, and the testimony tends to show that the offense was committed within the period described, there is sufficient evidence of the

commission of the offense to submit the case to the jury, even though the evidence does not positively show the offense to have been committed within that time.

2. Intoxicating Liquors—Instructions.—Where an indictment was returned on April 14, 1922, charging the accused with unlawfully selling intoxicating liquor not for sacramental, medicinal, scientific or mechanical purposes, within one year before the finding of the indictment, it was error to authorize the jury to impose the penalties prescribed in the Rash-Gullion act, which became effective March 22, 1922, since the evidence did not show that the offense was committed after that act became effective. But, inasmuch as the fine assessed was larger than the minimum and within the maximum fine authorized by the old law, the error was not prejudicial.

3. Intoxicating Liquors—Execution of Bond by Defendant.—A bond executed by a defendant on his first conviction for selling intoxicating liquor, under the law in effect prior to the effective date of the Rash-Gullion act, is void.

R. W. LISANBY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

On the 14th day of June, 1922, appellant, Ike Dearing, was indicted in Caldwell county charged with unlawfully selling intoxicating liquor to Garfield Ray, not for sacramental, scientific, mechanical or medicinal purposes. The offense was alleged to have been committed within one year before the finding of the indictment. He was convicted and fined $175.00 and sentenced to thirty days in jail.

On this appeal two errors are assigned: First, the refusal of the trial court to instruct the jury to find the accused not guilty at the conclusion of the Commonwealth's evidence; and, second, error in one of the instructions, whereby the jury was authorized to impose the penalties prescribed by the Act of the General Assembly of 1922 known as the Rash-Gullion Act, when in fact the evidence showed that the offense was committed prior to the effective date of that Act.

The ground of the first contention is that the conviction cannot be sustained unless there was some evidence tending to show that the offense was committed within twelve months before the finding of the indictment. With that statement we agree, but we are unable to concur in

counsel's application of it to the facts in this case. There was evidence of the commission of the offense within the period charged in the indictment, and, in our opinion, it was sufficient to warrant the submission of that question to the jury. Gordon v. Commonwealth, 136 Ky. 508; Commonwealth v. Little, 140 Ky. 550. It cannot, therefore, be held that the motion for a peremptory instruction should have prevailed.

With regard to the next contention it appears that the indictment was returned on June 14, 1922, and the offense was charged to have been committed within one year before that date. The Rash-Gullion Act became the law March 22, 1922. The penalties it imposes for the offense with which appellant was charged differ from the penalties imposed by the act that it superseded in that under the old law the lowest fine authorized to be assessed for a conviction was $50.00, whereas under the Rash-Gullion Act the lowest fine is $100.00 and, in addition, the court of first instance, on the first conviction, is obliged to require the defendant to execute a bond in a sum of not less than one thousand nor more than five thousand dollars to be of good behavior and not violate any of the provisions of the Act for one year. Appellant was fined $175.00 and required to give a bond of $1,000.00.

The evidence did not show that appellant committed the offense subsequently to March 22, 1922, but, as we have seen, it tended to show that it was committed within one year of the date of the finding of the indictment. It was, therefore, error to authorize the jury to impose the penalties prescribed by the new law. That error, however, was not prejudicial as to the fine assessed, since the fine was $175.00, a larger amount than the minimum and within the maximum fine authorized by the old law. Accordingly it cannot be said that the instruction was prejudicial. Field v. Commonwealth, 197 Ky. 229.

Under the law in effect prior to March 22, 1922, the court had no power to require a bond for the good behavior of the accused upon his first conviction. The conviction not being for an offense committed after March 22, 1922, it is clear that the bond for $1,000.00 is void.

Our conclusion is that the error in the instruction was not prejudicial and the judgment of conviction was proper, but the bond that appellant was required to give is void. The judgment is affirmed.