## Ray v. Commonwealth.

(Decided May 1, 1923.)

### Appeal from Caldwell Circuit Court.

Criminal Law—Only Witness Against Accused Held Accomplice in Transporting Whiskey.—Where the only witness against accused, charged with transporting whiskey, testified that accused asked witness to drive him to a place to obtain the whiskey, and that he did so, and had several drinks of the whiskey on the way back after it was obtained, he was an accomplice in the transportation of the whiskey, even though he stated he did not see it put into the vehicle, so that a conviction upon his uncorroborated testi-

mony must be reversed under Criminal Code of Practice, section 241.

J. ELLIOTT BAKER and ALBERT MORSE for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, T. C. BENNETT and S. D. HODGE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of transporting intoxicating liquor and asks a reversal on the ground that the only evidence against him was that of an accomplice.

The only witness in the case was Raymond Lane, who testified in substance as follows: He resided at the home of J. E. Bullock. On the day that the alleged offense was committed he was in Princton in charge of a horse and buggy belonging to Bullock. While there he met appellant, who asked to be driven to the home of Ike Dearing for the purpose of getting some whiskey. To this he agreed, and he and appellant then drove to the home of Dearing. While there Dearing placed one gallon and one quart of whiskey in the buggy. He did not know what it was Dearing placed in the buggy until after they had started off, and appellant gave him the first drink. After that they took several drinks from the one gallon jug, and he drove appellant to his home in Princeton. He did not pay any part of the purchase price, nor did any of the whiskey belong to him.

While one who is in control of a vehicle is not an accomplice in the transportation of intoxicating liquors, though he knows that a companion whom he is driving has on his person and under his sole control a small quantity of liquor, Fields, Sr. v. Commonwealth, 197 Ky. 229, 246 S. W. 807, that is not this case. Here the witness knew in advance of appellant's desire, and drove him to the home of Dearing for the sole purpose of enabling him to procure the whiskey. The whiskey was placed in the buggy which was under the sole control of witness. The greater portion of the whiskey was in a one gallon jug, which, of course, was not carried on the person of appellant. Though the witness says he did not know that the whiskey was put in the buggy, he does not seem to have lost much time in discovering its presence, for he admits that he took several drinks from the jug before he reached appellant's home. In view of these facts, it can-

not be doubted that witness aided and participated in the commission of the offense and was therefore an accomplice. Commonwealth v. Barton, 153 Ky. 465, 156 S. W. 113.

It being the settled rule in this state that the uncorroborated evidence of an accomplice is not sufficient to sustain a conviction, it follows that the court should have directed the jury to acquit appellant. Sec. 241, Criminal Code; Craft v. Commonwealth, 80 Ky. 349. This it will do on another trial if the evidence be substantially the same, but if there is other evidence tending to connect appellant with the commission of the offense, it will instruct on the law of accomplices as required by section 241, Criminal Code.

Judgment reversed and cause remanded for new trial consistent with this opinion.