### Crouch v. Commonwealth.

'(Decided December 21, 1923.)

### Appeal from Warren Circuit Court.

1. Intoxicating Liquors—Evidence Sufficient to Take Question of Identity of Seller of Whiskey to Jury.—In a prosecution for unlaw-

ful sale of intoxicating liquors, evidence as to identity of person selling the whiskey through parted curtains of automobile held sufficient to take the case to the jury and sustain a verdict of guilty.

2. Criminal Law—Test as to Who Are Accomplices.—Whether one is an accomplice is to be tested by the inquiry whether he could be convicted under the testimony, either as a principal, or as an aider and abettor.

3. Criminal Law—Evidence Held to Show Witness Not Accomplice. —In a prosecution for sale of intoxicating liquors, evidence held to show that witness was not an accomplice whose testimony must be corroborated under Criminal Code of Practice, section 241.

G. D. MILLIKEN for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Thomas—Affirming.

The appellant, Crouch, was convicted in the Warren circuit court of the offense of unlawfully selling intoxicating liquors to Jack Harris, and being dissatisfied with the judgment he has appealed and by his counsel complains (1), that the verdict was not sustained by the evidence, and (2), failure of the court to properly instruct the jury.

Harris, the purchaser of the whiskey, testified that he and Charlie Roberts were together at a pool room in Bowling Green; that the question of purchasing some whiskey came up and witness inquired of Roberts if he knew where they could procure any, when he answered that he did not know but that he had seen a man down the street from whom he thought they could get it. They went in that direction and Roberts soon discovered some one in a Ford automobile whom he said was the person he was looking for and he advanced and had a conversation with that person. He immediately returned to the witness and reported that the person in the automobile said that while he had no whiskey for sale yet he thought some could be obtained from a man in a machine at the fair grounds in about thirty minutes from that time. The parties went to the fair grounds and shortly after they arrived there a Ford automobile appeared with the curtains down and the witness went to it and some one therein parted the curtain and handed to him a half gallon of moonshine whiskey, which witness paid for by

placing in the hand six dollars, the price which Roberts had reported. Witness stated that he did not see Crouch at that time nor was he close enough to recognize him at the first conversation. Roberts testified that he had the first conversation with Crouch and that the latter told him what he subsequently reported to Harris; that he went with Harris to the fair grounds and saw the Ford automobile from which some one handed out the whiskey and saw Harris pay for it, but that he did not see the face of that individual and could not tell whether it was Crouch. The two took the whiskey and commenced drinking some of it near the public road and Harris was soon arrested for having intoxicating liquors in his possession, Roberts not being found with any. The latter denied having any connection with the sale or having any interest in the whiskey, and so far as the proof shows he did no more than discover the person from whom it could be obtained and there is no proof in the record contradicting his evidence. Defendant admitted on the stand that ''I told him (Roberts) he might get some (whiskey) out at the fair ground,'' and upon being asked why he did that he answered, ''He kept on after me to know did I know where he could get some whiskey, and I told him he might get some out there;'' but he denied that he was the person who delivered the whiskey to Harris.

From the above brief recitation of the testimony it is patent that it was a question for the jury to determine whether appellant was the one who delivered the whiskey to Harris and accepted payment for it, and we entertain no doubt as to the sufficiency of the evidence to sustain the jury's affirmative answer to that question.

But, it is insisted under ground (2), that Roberts was an accomplice of appellant, if he was the one who delivered the whiskey to Harris, and that the court should have instructed the jury under section 241 of the Criminal Code of Practice concerning the weight to be given the testimony of an accomplice. Whether one is an accomplice is to be tested by the inquiry whether he could be convicted under the testimony either as a principal or as an aider and abettor. If so he is to be regarded as an accomplice, otherwise not. Levering v. Commonwealth, 132 Ky. 666; Anderson v. Commonwealth, 181 Ky. 310; Duke v. Commonwealth, 201 Ky. 365, and 1 R. C. L. 157. Measured by that test, we are confident that

Roberts was not an accomplice in the sale of the whiskey to the witness Harris. As stated, he disclaimed any connection with the sale,. further than as indicated, and that disclaimer is not only not contradicted but it was corroborated by defendant, himself, when he stated that he told Roberts that he could find some whiskey at the fair ground in about thirty minutes. It, therefore, follows that, admitting the propriety of the character of instruction contended for in this character of prosecution, it was not required or necessary under the facts of this case and the court did not err in failing to give it.

Wherefore, the judgment is affirmed.