## Woolum v. Commonwealth.

(Decided June 24, 1927.)

### Appeal from Harlan Circuit Court.

1. Intoxicating Liquors.—Evidence that defendant had been drinking whisky when arrested and that he was then driving automobile wherein one person was carrying whisky held insufficient to support conviction for unlawfully transporting intoxicating liquor.
2. Criminal Law.—Evidence which merely creates a suspicion of guilt will not constitute proof of guilt beyond a reasonable doubt sufficient to support a conviction.
3. Intoxicating Liquors.—Under Ky. Stats., section 2554a-12, providing that sales of property under liquor law forfeited shall be made by the sheriff, court's direction, in adjudging forfeiture for transporting intoxicating liquor, that the automobile be advertised and sold by chief of police held error.

LEE & SNYDER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. B. SPICER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On the night of July 17, 1926, the appellant, Walter C. Woolum, started from his home in Coxton, Harlan county, Ky., in his automobile to Wilsonberger. Coxton is about 6 or 8 miles from the city of Harlan, and Wilsonberger is about the same distance from Harlan in the opposite direction. To go from Coxton to Wilsonberger it is necessary to pass through Harlan. Sam Duff was in the automobile with Woolum and they were going to Wilsonberger to see Duff's brother, who had been seriously injured in a mine accident on the afternoon of that day. As they were leaving Coxton, D. J. Smith got into the car and rode with them to Harlan. Duff rode on the front seat of the car with Woolum and Smith rode on the rear seat. As they were proceeding along one of

the streets in Harlan shortly after midnight, two police-men stepped into the street and ordered the driver of the car to stop, with the intention, as claimed by the police-men, of investigating the reasons for their being on the street at that hour of the night. They claimed they were acting under an ordinance of the city of Harlan referred to in the record as the 11 o'clock ordinance. The exact nature of this ordinance is not disclosed.

The policemen testified that at that time the car was about 30 feet from the point where they were stand-ing, and that Smith, who was riding on the rear seat, threw something from the car. They later went to this point and found a wet spot on the street and broken glass and detected the odor of whisky. They also testi-fied that the appellant was under the influence of intoxi-cating liquor.

They arrested all of the occupants of the car on a charge of drunkenness and placed them in jail. The ap-pellant was also charged with the offense of unlawfully transporting intoxicating liquor. He was tried on the latter charge in the Harlan police court and convicted. He appealed to the Harlan circuit court, and on his trial the jury returned a verdict finding him guilty and fixing his punishment at a fine of $100 and imprisonment in the county jail for 30 days. Judgment was entered upon this verdict, and, in addition, forfeiture of his car valued at $800 was adjudged, and it was ordered to be adver-tised and sold.

The only evidence tending to show that appellant was guilty of the offense of transporting intoxicating liquor was that Smith, who was a passenger in appel-lant's car, had whisky in his possession and that appel-lant had been drinking whisky. Appellant testified that he did drink some whisky during the afternoon before he left Coxton, but he and Duff both testified that they did not know Smith had any whisky in the car with him. In Fields v. Commonwealth, 197 Ky. 229, 246 S. W. 807, the court said:

"So the question is, is one in control of a ve-hicle or horse, upon or in which another is riding with him, guilty of transporting liquor if he knows his companion has in his direct personal custody, and on his person, a small quantity of liquor? To so hold would not only be a perversion of the spirit of our statute by making one guilty of transporting

liquor who had never in fact been the actual owner or custodian of it either in person or by his agent, but would weaken the enforcement of the statute against transportation because of the requirement of section 241 (Cr. Code Prac.) that his evidence should be corroborated.

"Our conclusion therefore on this branch of the case is that Shackelford was not guilty of transporting liquor, and was not, therefore, an accomplice of appellant."

In Ray v. Commonwealth, 198 Ky. 827, 250 S. W. 115, the owner and driver of a vehicle knew that his companion who was in the vehicle with him had in his possession a large quantity of whisky and the owner of the vehicle took several drinks of it. It was held under these facts that the driver of the vehicle had aided and participated in the commission of the offense of transporting intoxicating liquor, and was therefore an accomplice. In this case, however, the facts are as consistent with the innocence of the appellant as they are with his guilt. There is no evidence against him except that his appearance indicated that he had been drinking whisky, and that Smith, who was a passenger in his car, had whisky in his possession. Appellant claimed that he did not know that Smith had any whisky in his possession, and he further claimed that he drank no whisky during the trip from Coxton to Harlan, but admitted that he did drink whisky before leaving Coxton but that it was not given to him by Smith.

The evidence creates a suspicion of guilt, but that is all. Suspicious circumstances do not constitute proof of guilt beyond a reasonable doubt, and we are of the opinion that the verdict is palpably and flagrantly against the evidence.

In adjudging a forfeiture of appellant's car, the lower court directed that it be advertised and sold by the chief of police of Harlan. This was error, as section 2554a-12, Kentucky Statutes, provides that all such sales shall be made by the sheriff.

For the reasons indicated, the appeal is granted, the judgment is reversed, and cause remanded for further proceedings consistent herewith.