**Roscoe ROUSE, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Court of Appeals of Kentucky.

June 7, 1957.

Charles J. Lunderman, Jr., Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

The appellant, Roscoe Rouse, was convicted and sentenced to twelve years in the penitentiary for voluntary manslaughter arising out of an automobile collision on U. S. 60 in Shelby County on the afternoon of April 21, 1956, between his Louisville-bound Chevrolet and an automobile traveling in the opposite direction in which one of the passengers was killed.

The appellant pleaded that he was asleep in the front seat to the right of the driver at the time of the accident and knew nothing about it until the next day in the Shelbyville hospital. His companion, a thirteen year old girl, Julia Ann Walker, daughter of a Louisville neighbor, told an entirely different story. She said she went with appellant from Louisville to Shelbyville for the ride, and on the way back the appellant drove off U. S. 60 onto old U. S. 60 where he got out of the car, walked around it, re-entered on the right side, pushed her under the steering wheel and told her he was going to give her a driving lesson and she was to drive home. She said she protested that she could not drive, but appellant put her foot on the accelerator with his foot on top of it and held both his hands on her hands on the steering wheel despite her protests. She said he started the car forward, she tried to pull her foot off the accelerator but could not, the car ran off the road across a yard, hit a tree, glanced off a rock, knocked down a mailbox, and ran across U. S. 60 into the immediate path of the other car.

The appellant had returned to Louisville from Owensboro shortly before he started the trip to Shelbyville and may have been both tired and sleepy at the time he drove off the main highway onto old U. S. 60 and told Julia Ann she "would either drive or walk." The appellant drank a bottle of beer in Louisville before he started on the trip to Shelbyville, but denied drinking anything at a tavern in Shelbyville where he stopped ostensibly to look for his brother-in-law. Julia Ann said he was not drunk, but two policemen said the smell of alcohol on appellant was pretty strong after the accident. The accident happened so quickly that the surviving occupants of the other car could not testify as to who was driving appellant's car.

According to the appellant's own testimony he had done nothing whatever except sleep after he had stopped the car off old U. S. 60. According to the theory of his testimony he had performed no act to which Julia Ann could have been an accomplice. According to Julia Ann's story she was under the physical control of appellant and did not operate his car *voluntarily,* but, in fact, completely against her will. For her to have been an accomplice she would have had to act *voluntarily.* Magruder v. Com., Ky., 281 S.W.2d 716. There thus was no evidence whatsoever upon which the court could base an instruction as to whether Julia Ann was an accomplice. There was nothing appellant said which would sustain a conviction of Julia Ann were she charged with the offense. Julia Ann was just a witness, not an accomplice, and her testimony did not require any corroboration under Cr. Code Prac. § 241, to sustain the conviction of the appellant. Her testimony was sufficient to show that the appellant acted in such a gross and wanton manner as to show a disregard for human life.

The reference to the appellant as a colored man from Jefferson County made by the Commonwealth's Attorney in his argument to the jury was based on the obvious and on the testimony, and was not prejudicial. The jury was so informed before the argument, and the reference in the argument was descriptive and that is all.

The judgment is affirmed.