Oscar HEAD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1958.

Joe S. Feather, Garrett Teague, Jr., Williamsburg, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Oscar Head, Elmer Alsip, Raymond Eaton, Charles Jones, and Carl Jones were jointly indicted for armed assault with intent to rob. KRS 433.150. Head and Alsip were convicted on separate trials and each received a sentence of twenty-one years' confinement. Each has prosecuted an appeal. See Alsip v. Commonwealth, Ky., 310 S.W.2d 283.

The decisive question is whether Mary Sylvia Inman was an accomplice under Criminal Code of Practice Section 241. The question was presented by a motion for a directed verdict of not guilty and by submission to the jury under an instruction. The Inman girl's testimony corroborated the testimony of Raymond Eaton, who was jointly charged in the indictment.

The indictment charges that Wilbert G. Forester was, robbed of a 1951 Nash car and other personal property of the value of $800 or more. Forester was in the military service. While en route from his home to his base, he parked alongside the highway to sleep. About 2 o'clock in the morning of April 5, 1957, he was awakened by two men who requested a ride to Knoxville. Forester advised that he had no available space and they left. He went back to sleep. About two hours later, he was aroused again by two men who requested a ride to Knoxville. Forester said: "* * * they stuck a shotgun in the window and told me to get out of the car. So I did. When I got out, they told me to run down the road. I did. After I had run ten yards or so in front of the car they shot at me and I dove for the ditch." The two men took his car and belongings.

Mary Sylvia Inman, aged sixteen years, was with Raymond Eaton, Ernest Vanover, Charles and Carl Jones at the Ever-Ready Cafe in Corbin on the night of April 4, 1957. After exhausting their supply of moonshine, they departed in Eaton's car to take Vanover home. He had passed out. On the way, they saw a car parked beside the highway. Raymond Eaton, who testified for the prosecution, said that he and Carl Jones talked with the occupant of the car.

After leaving the parked car, the group took Vanover home and then sought more moonshine. About 3 o'clock in the morning they stopped at a house where they found appellant Oscar "Hoss" Head, Elmer Alsip, Lula Bunch, and May Bunch, her daughter. The group, aided by more moonshine, engaged in further conviviality. The contemplated robbery of the parked car was discussed and plans were formulated by Head, Eaton, Alsip, and Carl Jones in the presence of the Inman girl. Eaton testified to taking Head and Alsip, with a shotgun, to the vicinity of the parked car, and gave other details of the robbery. He said Head and Alsip expressed an intention to commit the robbery and afterward told him they had done it.

The Inman girl remained at the house when appellant, Alsip, and Eaton departed. She was there when they returned. She testified to hearing the conversation con-

cerning the proposed robbery, but no witness said that she took any part in it or was implicated in any way. She was several miles away when the robbery was committed. There is no showing that she aided, assisted, or encouraged anyone in the commission of the crime. Her testimony corroborated the testimony of Eaton's as to the participation of appellant and Alsip in the crime. Her presence in and association with the group prior to the offense is the only basis for the contention that she was an accomplice.

 An accomplice has been defined as "one who knowingly, voluntarily, and with common intent, unites with the principal in the perpetration of the crime, either by being present and joining in the criminal act, by aiding and abetting in its commission, or, if not present, by advising and encouraging the performance of the act." Magruder v. Commonwealth, Ky., 281 S.W.2d 716, 719; Rouse v. Commonwealth, Ky., 303 S.W.2d 265; Chaney v. Commonwealth, Ky., 307 S.W.2d 770. To determine whether one is an accomplice, the evidence showing participation in or connection with the offense should be weighed to see if it is sufficient to convict such person either as a principal or as an aider and abettor. Crouch v. Commonwealth, 201 Ky. 460, 257 S.W. 20; Means v. Commonwealth, 238 Ky. 366, 38 S.W.2d 193; Cook v. Commonwealth, Ky., 273 S.W.2d 390.

In applying these principles, neither mere association with the accused prior to or after commission of the offense; Wilson v. Commonwealth, 166 Ky. 301, 179 S.W. 237; Johnson v. Commonwealth, 206 Ky. 594, 268 S.W. 302; Hall v. Commonwealth, Ky., 248 S.W.2d 417; nor presence at the time of the commission of the crime is sufficient to make one an accomplice. Fields v. Commonwealth, 197 Ky. 229, 246 S.W. 807; Rouse v. Commonwealth, Ky., 303 S.W.2d 265. The proof in the present case fails to show that Mary Sylvia Inman, knowingly, voluntarily, or with a common intent, united with the principals in the

commission of the offense charged by aiding or encouraging in the performance of the act. She was not an accomplice. Cook v. Commonwealth, Ky., 273 S.W.2d 390, is not in point because the witness charged to have been an accomplice expressed a desire to participate in and did assist in the commission of the crime.

Appellant complains further that the court should have held as a matter of law that the Inman girl was an accomplice. Where the evidence creates a doubt as to whether one is an accomplice, the question should be submitted to the jury for determination, with an appropriate instruction as to the corroboration required and the weight of such testimony. Evans v. Commonwealth, 299 Ky. 273, 184 S.W.2d 981; Bowman v. Commonwealth, 309 Ky. 611, 218 S.W.2d 666; Burton v. Commonwealth, Ky., 250 S.W.2d 1013; Ringstaff v. Commonwealth, Ky., 275 S.W.2d 946; Bowling v. Commonwealth, Ky., 286 S.W.2d 884. The court, with an appropriate instruction, submitted the matter to the jury on the theory that the evidence was conflicting on this point. This was not error.

Judgment affirmed.