Benny DURHAM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1966.

Fritz Krueger, Somerset, for appellant.

Robert F. Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Benny Durham seeks to overturn his conviction of store-house breaking and consequent sentence of imprisonment for one year. KRS 433.190. Appellant Durham asserts that (1) he was entitled to a peremptory instruction of acquittal since the only evidence against him was uncorroborated evidence from accomplices, or (2) in any event, the trial court should have submitted to the jury whether certain prosecution witnesses were accomplices.

Appellant was jointly indicted with Ray Howell for breaking into the country store of Elmer Bullock at Eubank, with intent to steal therefrom. On the separate trial of appellant, Howell was a strong witness against him. Howell's evidence may be thus summarized: Howell and appellant were together at Bea Spaw's house in Lincoln County on the night of the crime. Also at the Spaw place were Bea Spaw and her husband, Kenneth, Alice Mills (age 17) who had married Howell by trial time, and Helen Walls. Howell and appellant made plans to break into the Bullock store, and Kenneth Spaw assisted them by preparing a map of the area to facilitate their felonious work. The women were in the room when the men were arranging these preliminaries, but they did not participate in the planning, nor did any of them advise or encourage the commission of the crime.

Howell and appellant then proceeded to the Bullock store where Howell broke into the store and stole merchandise, including pocket knives, cigarettes, luncheon meats, and sundry items. Appellant did not enter the store, but did assist Howell in carrying the loot from the store to the automobile in which they were travelling. The two returned to the Spaw place, unloaded the car of their haul, and all of the group partook of an early morning meal (about 3:00 a. m.) comprised in the main of the stolen food. So far as appears of record, there was no other sharing of the stolen goods except as between Howell and appellant.

The chief prosecutive witnesses were Howell (concededly an accomplice), Alice Mills (Howell), and Helen Walls. Neither of the Spaws testified. The substance of the evidence from Alice Mills and Helen Walls was that they heard the crime plans being discussed by appellant, Howell and Spaw; that Spaw drew a map for Howell and appellant; that they "knew" when appellant and Howell left that their purpose was to rob the Bullock store; that they saw the stolen merchandise when appellant and Howell returned, and that they ate of the stolen food. The other witnesses for the Commonwealth gave evidence confirming the fact that the crime had been committed and explaining the manner of detection and apprehension of the culprits. Their evidence had no corroborative value within the meaning of RCr 9.62, requiring that evidence of an accomplice must be corroborated.

The appellant did not testify, nor did he offer evidence in his behalf. He contented himself by moving for a peremptory on the theory that the Commonwealth's evidence was solely from uncorroborated accomplices. When that motion failed, appellant objected to the instructions on the basis that the trial court should have instructed the jury that Alice Mills and Helen Walls were accomplices—or have allowed the jury to determine whether they were accomplices. The court did instruct that Howell was

an accomplice, and as to him, complied with RCr 9.62.

■ It is our view that neither Alice Mills nor Helen Walls was an accomplice. The authorities cited by appellant and appellee teach that an accomplice is one who knowingly, voluntarily, and with common intent, unites with the principal in the perpetration of the crime, either by being present and joining in the criminal act, by aiding and abetting in its commission, or, if not present, by advising and encouraging the performance of the act. Clark v. Commonwealth, Ky., 386 S.W.2d 458; Head v. Commonwealth, Ky., 310 S.W.2d 285, and cases there cited.

■ Tested in light of that definition, it is apparent that the two women were not accomplices. Certainly there was no showing that they, or either of them, united with appellant and Howell in the perpetration of the crime, either by being present at its commission or by advising and encouraging the performance of the act They did know of the crime's being plotted—but they did not advise or encourage it. It is true that they ate some of the spoils, and in so doing they may have become accessories after the fact (which we do not decide). But even if they did become such accessories, they were not accomplices. See Howard v. Commonwealth, Ky., 395 S.W.2d 355, 358; Perkins v. Commonwealth, Ky., 324 S.W.2d 388; Head v. Commonwealth, Ky., 310 S. W.2d 285. Therefore, the trial court was correct in not submitting to the jury any issue as to whether Alice Mills and Helen Walls were accomplices.

■ The evidence of the two women furnished abundant corroboration of the accomplice testimony of Howell. Their evidence went far beyond a mere showing that the crime had been committed and the circumstances of its commission. Their evidence specifically tended to connect appellant with the commission of the offense. It was sufficient under RCr 9.62.

The judgment is affirmed.