**Walter A. HAMMERSHOY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1966.

See also 398 S.W.2d 883.

Francis Dale Burke, Joseph W. Justice, Pikeville, for appellant.

Robert Matthews, Atty. Gen., Joseph Eckert, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Walter A. Hammershoy, in forma pauperis, appeals from his conviction of the offense of armed robbery and the life sentence imposed thereon. See KRS 433.140. He was indicted, together with four other individuals, Matt West, James Raines, alias Ronnie Seymour, alias Ronnie Huff, Bobby Ray Hackney, and William Lee (Happy) Coleman.

Three grounds are urged for reversal of the judgment entered on the verdict of the jury: (1) That the testimony of the accomplices was not sufficiently corroborated to raise an issue which was submissible to the jury; (2) that a prejudicial accomplice instruction was given; and (3) that an erroneous instruction on robbery pursuant to conspiracy was given to the jury.

On October 15, 1964, around 9:30 in the evening, Roy McMillan and Eli Adkins were at McMillan's place of business on Shelby Creek in Pike County. Suddenly a man armed with a sawed-off shotgun entered, ordered them to put up their hands and took their billfolds containing approximately $487. The man left and went up the creek. McMillan at the trial described the robber and identified him as Ronnie Huff; he further stated that the day following this incident he saw appellant in the company of Huff.

The reasoning underlying appellant's initial attack upon his conviction is that the evidence of two accomplices, named hereinafter, who testified as to his participation in the crime was uncorroborated, that such accomplice evidence was the sole basis upon which guilt was attached to him, and that if the accomplice evidence had been stricken no proof of guilt would remain.

An arrest was made of appellant, Matt West and Bobby Ray Hackney, the driver of the car, by two deputy sheriffs early in the morning of October 18th. At the time they were in a 1952 black Chevrolet on a public highway in Pike County. They were placed under arrest for alleged drunkenness and a search of the car was conducted. In the back seat a shotgun was found which was identified as the weapon used in the robbery. The car was established as the same vehicle that was driven to and from the scene of the crime on October 15th. Donald Dye was later proven to be the owner of the car and the shotgun.

Jay Justice, a hotel operator in Pikeville, testified appellant, Matt West and a "tall fellow" registered at his hotel on October 10th. William Lee (Happy) Coleman later visited these men, according to Justice. Rodger Burgess, of the Pikeville police department, testified he saw appellant, Matt West and a "tall man" enter a restaurant in Pikeville on the 13th or 14th of October. The "tall fellow" or "tall man" was later identified as Ronnie Huff.

Matt West, introduced as a witness for the Commonwealth, testified that he, appellant, Ronnie Huff, Bobby Ray Hackney, William Lee (Happy) Coleman and Donald Dye agreed to carry out an armed robbery of Roy McMillan. James Raines, known to him as Ronnie Huff, was to be the trigger man. West stated that he and appellant stayed in the car while Huff went in, carried out the holdup and came back with the money. Thereafter the proceeds, he said, were divided among the five. Bobby Ray Hackney was also introduced as a witness for the Commonwealth and his testimony implicated all of the persons mentioned herein as parties to the crime.

Appellant did not testify in his behalf.

RCr 9.62 provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. In the absence of corroboration as required by law, the court shall instruct the jury to render a verdict of acquittal."

An accomplice is one who knowingly, voluntarily, and with common intent, unites with the principal in the perpetration of the crime, either by being present and joining in the criminal act, by aiding and abetting in its commission, or, if not present, by advising and encouraging the performance of the act. Durham v. Commonwealth, Ky., 398 S.W.2d 696; Clark

v. Commonwealth, Ky., 386 S.W.2d 458; Head v. Commonwealth, Ky., 310 S.W.2d 285.

Appellant maintains that testimony which merely places him in the company of those who effectuated the crime, before and after the offense is committed, is not sufficient as corroborative evidence under RCr 9.62. In support of this position, he cites Hartsock v. Commonwealth, Ky., 382 S.W.2d 861, and Commonwealth v. Truglio, Ky., 371 S.W.2d 648. However, attention is called to the fact that in both of these cases this court held that this kind of evidence "without more" is not enough to sustain corroboration. Was there "more" evidence in the case at bar?

There is testimony pinpointing the weapon used in the crime and identifying the automobile employed in going to and from the place of the robbery. Such weapon was found in the rear seat of such automobile in which appellant, together with Matt West and Bobby Ray Hackney, was riding at the time he was apprehended. There is also testimony that appellant was in the company of the trigger man of the robbery on two occasions shortly before the holdup; once he stayed all night with him and another time he was seen entering a restaurant with him. Thus, the question is posed whether these circumstances, when considered together, would be sufficient to link appellant to the commission of the offense, although no one of them, standing alone, would tend to accomplish such a result.

■ This question was one for a properly instructed jury to determine, that is, whether, as was pointed out in Flora v. Commonwealth, Ky., 387 S.W.2d 15, the corroborative evidence was of such quality that a reasonable and unprejudiced mind could conclude that it tended to establish some fact that linked up the accused with the principal fact of the commission of the offense.

■ Did the trial court submit to the jury a correct accomplice instruction? The answer is no. Under "Instruction No. 4" the jury was permitted to decide whether Matt West and Bobby Ray Hackney were accomplices.

Appellant contends the evidence unerringly points the finger of guilt at each of these persons, and the trial court should have found as a matter of law that each of them was an accomplice. On the other hand, the Commonwealth asserts Bobby Ray Hackney planned to participate in the holdup but, because of fear or some other reason, withdrew before the criminal act was effectuated and it was afterwards consummated without his assistance.

It is not in dispute that Matt West was actively connected with the holdup from beginning to end. Bobby Ray Hackney testified he was present when the robbing of Roy McMillan's place of business was talked about. On the night the crime was to be perpetrated he first drove the Dye car to the McMillan place but returned to a restaurant in Pikeville because, according to his statement as a witness, Ronnie Huff "backed out and I got scared myself." Appellant, as shown by the testimony of Matt West, then took over the driving of the car. Meanwhile, Hackney waited at the restaurant and later met up with William Lee (Happy) Coleman and these two "rode around until about 1 o'clock." Still later, he said he came in contact with Ronnie Huff who gave "Happy $50 to take him to Ashland and I went with Happy." On October 18th, the day appellant, West and Hackney were taken into custody by the two deputy sheriffs, Hackney stated that appellant and West "got me to drive them over to Pound where they were going to rob another place." All three of them, while making this trip, "got started to drinking and backed down." They were on their way back from Pound when they were intercepted by the two officers.

The Commonwealth argues that Bobby Ray Hackney withdrew from participation in the holdup. The proof, we believe, does not sustain this contention. It is true he was not physically present when Roy McMillan and Eli Adkins were robbed; but his conduct, prior to and subsequent to the robbery, shows that he never disassociated himself from those connected with the criminal act.

In Roberson's Criminal Law, § 209, p. 301, it is stated, in part: " * * * where the facts are not in dispute, or where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice."

We are of the opinion that under the evidence shown in the record, Matt West and Bobby Ray Hackney were accomplices as a matter of law. Therefore, a prejudicial error was committed when the jury was allowed to determine this point. Had they been instructed that West and Hackney were in fact accomplices, the jury might have concluded enough evidence did not exist, apart from the accomplice testimony, which tended to connect appellant with the crime.

Appellant also complains of "Instruction No. 1" and "Instruction No. 2."

The trial court in Instruction No. 1 told the jury, briefly stated, that if they believed from the evidence appellant conspired and agreed with others to carry out the holdup they should find him guilty and fix his punishment as specifically prescribed by the terms of that instruction. It is argued that the jury could, as so charged, find appellant solely guilty as the principal, although five persons were indicted for the offense which they were accused of plotting to commit.

■ Conspiracy is not charged in the indictment as to the involvement of the five alleged participants in the commission of the crime. However, in Ray v. Commonwealth, 230 Ky. 656, 20 S.W.2d 484, 66 A.L.R. 1297, it was held not to be error to instruct on conspiracy where the evidence authorized it, although conspiracy was not alleged in the indictment.

The conspiracy instruction in this case employed language that is approved, as to a single defendant when on trial, in Stanley's "Instructions to Juries." See Vol. 3, § 960(1), p. 293. If there be another trial and the evidence is substantially the same, Instruction No. 1 should be given.

Instruction No. 2, in one portion of it, is predicated upon the assumption that a jury could believe appellant himself could have personally carried out the holdup; in the other portion of it, the jury is told that he could be found under the evidence to have been an aider and abettor of the criminal act.

■ The evidence shows that Ronnie Huff alone was the trigger man. On the other hand, as there is testimony from which the jury could find appellant and Matt West went to the scene of the robbery with the actual perpetrator and stationed themselves nearby in order to watch and facilitate the escape of the holdup man, they could be considered "constructively" present and both could be held liable as an aider and abettor. Clark v. Commonwealth, 269 Ky. 833, 108 S.W.2d 1036.

Therefore, we conclude the trial court was without any basis in fact to warrant a charge to the jury that appellant could have been found guilty of robbing the two victims; but it is our view there was evidence upon which to bottom an instruction that he could be convicted as an aider and abettor of the robbery.

Wherefore, the judgment is reversed for further proceedings in conformity with this opinion.