**Thomas DOWDLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. CA–69–MR.**

Court of Appeals of Kentucky.

June 24, 1977.

Rehearing Denied Aug. 12, 1977.

F. Dennis Alerding, Covington, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, LESTER and WHITE, Judges.

COOPER, Judge.

Thomas Dowdle appeals from his conviction of kidnapping in violation of KRS 509.-040 and the ten (10) years sentence which was imposed as a result of that conviction. He was indicted for this offense along with James Grimes, Larry Corya and Ron Somhorst. Larry Corya and Ron Somhorst have pleaded guilty to the same charge and received ten (10) year sentences. The record reveals that the four named above met in the Somhorst apartment on March 1, 1975, and devised a plan to rob an A & P grocery store located in Covington, Kentucky. According to the plan, Corya and Somhorst were to go to the home of the manager of the A & P store, Mr. John Lother, at 8:30 p. m. on that evening of March 1, 1975. Upon

arriving at Mr. Lother's home, they were to detain his family; meanwhile, Dowdle, the appellant in this case, and Grimes were to go to the A & P store and deliver a note to Mr. Lother which stated unless he turned over a large sum of money to Dowdle and Grimes, he would never see his family again.

On the night of this attempted robbery, Mr. Lother closed the A & P store at an earlier time than normal and when Grimes and the appellant, Dowdle, attempted to deliver their message to Mr. Lother, they were unable to do so. Meanwhile, Corya and Somhorst went to the home of Mr. Lother and at gunpoint tied up Mrs. Lother and her son, Jeff. After approximately one-half hour and after receiving no telephone call from Corya or Somhorst in regard to whether the A & P store had been successfully robbed, they left the Lother home.

The Commonwealth attempted to prove its case against the appellant principally by the testimony of Ron Somhorst, Larry Corya, and Peggy Somhorst, who at the time was the ex-wife of Ron Somhorst. Peggy Somhorst was living with Ron Somhorst and was present at his apartment when the plan to rob the A & P store was made.

Ron Somhorst gave a pre-trial statement that Dowdle, the appellant herein, was a part of the plan to rob the A & P store and a participant on the night of March 1, 1975; but on trial he repudiated his previous statements and testified that the appellant did not participate in the formulation of the plans or their implementation. Peggy Somhorst, who was present at the conception of the plan, testified that the appellant was present at the formulation of these plans and that he helped in their implementation on March 1, 1975. Larry Corya, another accomplice of the appellant, testified that the appellant took a part in the formulation and implementation of the plans to rob the A & P store.

The major issue before the Court is whether Peggy Somhorst was an accomplice to the appellant in the violation of KRS 509.040, and if she were did the Court

err in failing to instruct the jury to enter a verdict of acquittal based on RCr 9.62. RCr 9.62 states as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. In the absence of corroboration as required by law, the court shall instruct the jury to render a verdict of acquittal."

The testimony is substantial indicating that the appellant, Dowdle, did participate in the kidnapping in violation of KRS 509.040. However, the record also reveals that the testimony of Peggy Somhorst is the only testimony presented which could be considered corroborating the testimony of Corya. If it is determined that Peggy Somhorst was an accomplice of the other parties, then the Court would have no choice but to direct a verdict of acquittal of the appellant.

The appellant relies on KRS 502.020 in contending that Peggy Somhorst was, by statute, an accomplice of the other parties. That statute reads as follows:

"(1) A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he:

(a) Solicits, commands, or engages in a conspiracy with such other person to commit the offense; or

(b) Aids, counsels, or attempts to aid such person in planning or committing the offense; or

(c) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so.

(2) When causing a particular result is an element of an offense, a person who acts with the kind of culpability with respect to the result that is sufficient for the commission of the offense is guilty of that offense when he:

(a) Solicits or engages in a conspiracy with another person to engage in the conduct causing such result; or

(b) Aids, counsels, or attempts to aid another person in planning, or engaging in the conduct causing such result; or

(c) Having a legal duty to prevent the conduct causing the result, fails to make a proper effort to do so."

The appellant contends that under the evidence Mrs. Somhorst committed some or all of these proscribed acts.

 The leading cases dealing with the definition of an accomplice are *Durham v. Commonwealth*, Ky., 398 S.W.2d 696 (1966) and *Mouser v. Commonwealth*, Ky., 491 S.W.2d 821 (1973). In the *Durham* case, *supra*, it is held that:

". . . an accomplice is one that who knowingly voluntarily, and with common intent, unites with the principal in the perpetration of the crime, either by being present and joining in the criminal act by aiding and abetting in its commission, or, if not present, by advising and encouraging the performance of the act."

In the *Mouser* case, *supra*, it is stated that to determine if one is an accomplice the question is:

". . . whether he could have been convicted as a principal, aider and abettor, or accessory before the fact."

The *Durham* case, the *Mouser* case and KRS 502.020 point clearly to the fact that before one can be an accomplice he must intend to participate in the promotion, facilitation or commission of the offense. There is no evidence in the record which indicates that Peggy Somhorst intended to promote, facilitate or commit the offense of kidnapping.

 The appellant contends that under KRS 502.020(1)(c) she was an accomplice because of her duty to prevent the commission of the offense. We know of no legal duty imposed on Mrs. Somhorst to prevent the kidnapping. Her knowledge that the kidnapping was going to occur will not make her guilty of the crime. *Elmendorf v. Commonwealth*, 171 Ky. 410, 188 S.W. 483 (1916).

 The appellant also contends that *Mouser* would demand that the question of one's being an accomplice be left to the jury. This is simply not the law. The rule is that if there is a reasonable doubt as to whether one had the intent to promote or facilitate the commission of the offense, that question must be left to the jury as a question of fact. *Mouser, supra; Durham, supra.* In the instant case, the only relation which Peggy Somhorst had to the offense was being present when the scheme was conceived. There is no other evidence that she had any role in the plan to rob the A & P store.

We hold that it was proper for the Court to rule as a matter of law that Peggy Somhorst was not an accomplice and that her testimony could be considered as corroborating the testimony of the accomplices. The appellant raises other issues which he contends were reversible error on the part of the Trial Court. After review of the record we find that these incidents did not substantially prejudice the rights of the appellant.

We affirm.

All concur.