JOHN RILEY HUFFMAN V. THE STATE.

No. 263.    Decided December 8, 1909.

**Malicious Mischief—Accomplice—Corroboration.**

While there can be, in a strictly legal sense, no accomplice in a misdemeanor case, still the testimony of an accomplice, or one who is *particeps criminis*, must be corroborated. Following Merritt v. State, 12 Texas Crim. App., 203, and other cases.

Appeal from the County Court of Sabine. Tried below before the Hon. J. H. McGown.

Appeal from a conviction of malicious mischief; penalty, $5.

The opinion states the case.

*Hamilton & Minton,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This was a conviction for malicious mischief, the punishment being assessed at a five dollar fine.

The State relied for a conviction upon the testimony of Ed White, who was a confessed actor and participant with appellant in the crime charged, and equally guilty with him. The only other witness introduced was James Craig, who testified that his milk was polluted, evidencing that someone had done the act charged against appellant. Mr. Craig, however, had no personal knowledge at all concerning appellant's participation in the offense. The appellant denied the acts charged against him and produced some proof of his absence from the place of the offense at the time same was committed. The evidence is insufficient to sustain the conviction. While there can be, in a strictly legal sense, no accomplice in a misdemeanor case, yet it has been uniformly held that the word "accomplice" as used in Article 781 of the Code of Criminal Procedure has a distinct and different meaning from its technical definition as contained in article 79 of the Code. As used in the article requiring corroboration, it includes principals, accessories and all persons who are particeps criminis and connected with the crime by unlawful act or omission, transpiring either before, at the time, or after the commission of the offense and whether such person was present or participating in the crime or not. See article 781, Code Criminal Procedure; Merritt v. State, 12 Texas

Crim. App., 203, and Phillips v. State, 17 Texas Crim. App., 169. Indeed, the authorities might be multiplied indefinitely and are numerous and uniform in sustaining this proposition.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*