THURMAN LATHAM v. THE STATE.

No. 14022. Delivered March 11, 1931.

The opinion states the case.

*B. F. Reynolds* and *Jeff A. Fowler,* both of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction for malicious mischief; punishment, a fine of $100.

Appellant complains of the action of the trial court in refusing to grant appellant's motion for an instructed verdict for the reason that the evidence was insufficient to support a conviction in that the only testimony introduced in the case tending to connect the appellant with the commission of the offense was that of Buck Bales, who according to his own testimony was an accomplice in the commission of the offense, and because there was no testimony corroborating the testimony of the said Buck Bales. There were only two witnesses who testified in the case. One of these was the complainant, L. I. Gregory, who testified that he had left in the field over night, among other things, a one row planter and that the next morning he found the planter turned over and the lever bent and the springs that carry and lift the beam removed. The only other witness was the witness Buck Bales, who testified as follows:

"My name is Buck Bales. I reside in Throckmorton County, Texas. On the night of June 1st. 1930, I went with the defendant into the field of L. I. Gregory and helped him turn over the one row planter."

Under the testimony of the said Buck Bales, if the same was true, he was an accomplice. Article 718, C. C. P., provides that a. conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. There being no other evidence in the case except the testimony of the witness Buck Bales tending to connect the appellant with the offense committed, the conviction cannot stand and must be set aside. Newton v. State, 62 Texas Crim. Rep., 622, 138 S. W., 708; Huffman v. State, 57 Texas Crim. Rep., 399, 123 S. W., 596; Phillips v. State, 17 Texas App., 175; Brown v. State (Texas Crim. App.), 20 S. W., 924.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.