THURMAN LATHAM V. THE STATE.

No. 14021.   Delivered March 11, 1931.

The opinion states the case.

*B. F. Reynolds* and *Jeff A. Fowler,* both of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for malicious mischief; punishment, fifty days in the county jail.

Appellant complains of the action of the trial court in refusing to grant appellant's motion for an instructed verdict for the reason that the evidence was insufficient to support a conviction in that the only testimony introduced in the case tending to connect the appellant with the commission of the offense was that of Buck Bales, who according to his own testimony was an accomplice in the commission of the offense, and because there was no testimony corroborating the testimony of the said Buck Bales. There were only two witnesses who testified in the case. One of these was the complainant, Dan Masters, who testified that he resided in Throckmorton County, Texas, and on the 1st day of June, 1930, he owned a Buick Coupe, 1926 model, automobile. On the night of June 1, 1930, he had his car in a garage; that when he put his car in the garage that night it was in good shape and none of the casings were down or flat. The next morning he found all of the casings on the car down flat and on examination they showed that they had been cut or punctured with a knife or some sharp instrument. The only other witness was the witness Buck Bales, who testified as follows:

"My name is Buck Bales, I reside in Throckmorton County, Texas. On the night of June 1st, 1930, I went with Thurman Latham to Dan Masters garage, and the defendant Thurman Latham did not have a knife and I loaned him my knife before we went to the garage. The defendant went into the garage and I stayed at the door and kept watch while the defendant was back in the garage I heard a noise that sounded

like air escaping from something. Just before the defendant, Thurman Latham and myself went to the garage of Dan Masters, the defendant said to me, 'let's puncture old Danny's tires and give him some flats to fix.' That the next morning when the defendant and myself passed by Dan Master's home, we saw Dan Masters out there near his garage and the defendant, Thurman Latham, said, 'well I guess old Danny boy (meaning the man Dan Masters) is fixing his flats'."

Under the testimony of the said Buck Bales, if the same was true, he was an accomplice. Article 718, C. C. P., provides that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. There being no other evidence in the case except the testimony of the witness Buck Bales tending to connect the appellant with the offense committed, the conviction cannot stand and must be set aside. Newton v. State, 62 Texas Crim. Rep., 622, 138 S. W., 708; Huffman v. State, 57 Texas Crim. Rep., 399, 123 S. W., 596; Phillips v. State, 17 Tex. App., 175; Brown v. State (Texas Crim. App.), 20 S. W., 924.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.