# DECISIONS

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1887.

CASE 1—INDICTMENT—JUNE 7, 1887.

## Jackson v. Commonwealth.

**APPEAL FROM HENDERSON CIRCUIT COURT.**

To CONSTITUTE THE OFFENSE OF OBTAINING PROPERTY UNDER FALSE PRETENSES, denounced by section 2, of article 13, chapter 29, General Statutes, it is not necessary that the thing obtained should be of as great value as ten dollars, the amount necessary to constitute *grand* larceny. One may be punished under that statute, however small the value of the thing obtained.

THOMAS E. WARD FOR APPELLANT.

To constitute the offense with which appellant is charged, the property obtained by the accused must be the subject of *grand* larceny, the word "larceny" being used in the statute in a restricted sense. (Hicks v. Commonwealth, MS. Op., Jan. 16, 1883; Gen. Stats., chap. 29, art. 13, sec. 2; *Ibid.,* art. 12, sec. 2.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

The statute under which appellant was indicted was not intended to punish the mere larceny, but the fraud perpetrated by false statements or pretenses, and, therefore, the amount obtained is immaterial in determining whether or not the accused has violated the statute. (Gen. Stats., chap. 29, art. 13, sec. 2.)

*JUDGE HOLT* DELIVERED THE OPINION OF THE COURT.

This appeal involves the construction of section 2, article 13, chapter 29, of the General Statutes, which provides:

"If any person, by any false pretense, statement, or token, with intention to commit a fraud, obtain from another money, property, or other thing which may be the subject of *larceny;* or if he obtains, by any false pretense, statement or token, with like intention, the signature of another to a writing, the false making whereof would be forgery, he shall be confined in the penitentiary not less than one nor more than five years."

By our statute all offenses are either felonies or misdemeanors. Such as are punished with death or confinement in the penitentiary are felonies, while all others, whether so at common law or made so by statute, are misdemeanors. The larceny of goods and chattels of the value of ten dollars or more, under the statute, constitutes grand larceny, and is punishable by confinement in the penitentiary for not less than one nor more than five years; but if worth less than ten dollars, then it is petit larceny, and the offender guilty of a misdemeanor only.

The appellant, Frank Jackson, was indicted, under the section of the statute above cited, for obtaining *eight* dollars by false pretenses. His demurrer to the indictment having been overruled, he pleaded guilty *as charged*, and his punishment was fixed at one year in the penitentiary. He now contends that the word "*larceny*," as used in the statute, must be held to mean *grand larceny;* and that the Legislature, in enacting

the law, intended it should be so restricted. It at once occurs to the mind, if this be so, then the offender, who, with evil and fraudulent intention, obtains property by false pretenses, goes free, if it be worth less than ten dollars. It strikes one at first blush that such could not have been the legislative intention. A further consideration and examination of this provision of the statute confirms this view. Its object is not to prevent mere larceny, either grand or petit—another section provides for their punishment—but to punish the fraud.

One may be sent to the penitentiary for fraudulently signing another's name to a note for less than ten dollars. In such a case it is the fraud that constitutes the offense. If the amount of it were to govern, then its forgery could not be punished by penitentiary confinement, unless it represented as much as ten dollars.

It is not the amount thus fraudulently obtained or the theft itself, but *the fraud* practiced, which makes forgery for small sums a penitentiary offense. Likewise, the statute now under consideration was not intended to punish the mere larceny, or more properly speaking, the fraudulent appropriation of a certain amount of property; but if obtained by "false pretense, statement or token, with intention to commit a fraud," then if it might be the subject of larceny, but without regard to its value, it constitutes a penitentiary offense, just as the signing of another's name to a check without his consent, and with an intention to steal or appropriate it, constitutes forgery, although it may be for less than ten dollars.

It is manifest that this is the correct interpretation

of the section in view of the latter part of it: "or if he obtain, by any false pretense, statement or token, with like intention, the signature of another to a writing, the false making whereof would be forgery, he shall be confined in the penitentiary not less than one nor more than five years." The section provides the same punishment for obtaining, by false pretense, statement or token, with intent to commit a fraud, any thing which may be the subject of larceny as is provided in case the signature of another is likewise obtained and for a like purpose, and the false making of which would be forgery. If the word "larceny," in the first part of the section, is restricted to grand larceny, then it results that one who obtains property by a false pretense can not be punished unless it amounts to ten dollars in value; but that under the same section an offender who thus obtains a signature may be sent to the penitentiary without regard to the sum involved. The latter part of the section explains the whole of it. It so allies the offenses denounced by the entire section to forgery, that the rules and reasons applicable to one apply to both. It is the false pretense and *fraud* which distinguish them from mere larceny.

Judgment affirmed.