## McElwain v. Commonwealth.

(Decided January 5, 1912.)

### Appeal from Simpson Circuit Court.

1. Trial—Time of Trial—Effort for Continuance.—In the absence of any effort by the defendant to continue he will not be heard to complain of the time of his trial.

2. Same—Employment of Attorneys—Bias of Jurors.—It will not do to say that the employment of an attorney so subjects its otherwise properly qualified citizens to bias as to prevent their fair service in the jury box.

3. Two Defendants—Trial for Homicide—Separate Trials—Qualification as Witnesses.—Where two defendants are accused of murder and have been allowed separate trials, on the trial of one his co-defendant cannot be compelled to testify as a witness for the one on trial and no comment would have been permitted, but if he was not offered as a witness the failure to call him was a legitimate subject of comment.

4. Same—Rigid Technicalities—Fair Trial.—Modern thought and modern spirit in criminal procedure will no longer tolerate the rigid technicalities once enforced in the defendant's favor in criminal prosecutions. Its purpose is to examine the record in an

effort to ascertain whether the defendant has been fairly tried.

ROARK & FINN and L. B. FINN for appellant.

JAS. BREATHITT, Attorney General, SIMS & RODES, JOHN S. RAY and C. N. MILLIKEN for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

Joe McElwain shot and killed Will Weir on October 17th, 1910. The killing occurred in Weir's country store at Salmons Postoffice, in Simpson County. McElwain was thereupon indicted for murder at the regular November, 1910, term of the Simpson Circuit Court. With him was indicted his brother-in-law, Lum Vance, who was the only one present, save McElwain, when Weir was killed. The case came on for trial at a special term of the court, called for the purpose, held in December, 1910. The defendants exercised their right of separate trial, whereupon the Commonwealth proceeded to try McElwain. He was found guilty, and his punishment fixed at life imprisonment in the penitentiary. He appealed here. His complaints will be discussed seriatim.

Upon the oral argument it was suggested by appellant's counsel that the calling of the special term, and the early trial in December following the killing were unfair to the defendant; but the record does not disclose any motion for a continuance, nor does any affidavit appear to show that the defendant was then not ready for trial. In the absence of any effort by the defendant to continue, he will not be heard to complain of the time of his trial.

His next ground of complaint is that his motion for a change of venue was overruled. Upon the motion, about the same number of witnesses pro et con were heard. They were about evenly balanced in their views as to whether defendant could be fairly tried in Simpson County. The right of trial in a county other than that where the offense occurs is purely statutory. The court must order the transfer "if it appears that the defendant or the Commonwealth can not have a fair trial in the county where the prosecution is pending." Statutes, section 1109. The burden of bringing the case within the demand of the statute is upon the applicant; and by the very terms of the language of the statute, the trial court must have a latitude of judgment and discretion in passing upon any particular application. And it has wisely and reasonably been held by this court that

the exercise of such a discretion will not be reviewed, unless the application of a reasonable inspection of the record leads this court to believe that the trial court has abused its discretion. See Crockett v. Commonwealth, 100 Ky., 382; Greer v. Commonwealth, 111 Ky., 93, and other cases. The same rule was declared in the case of Shipp v. Commonwealth, 30 Ky. Law Rep., 904, relied on by appellant here. In that case it is said that "the matter is in the discretion of the court, and ordinarily this court will not reverse the action of the lower court in such proceedings. But this court has the right of review, and when it appears to us that the discretion of the court has been abused, it is clearly our duty to reverse." It exercised its right there because, upon the facts in the record, it appeared that the discretion has been abused. In the case at bar we are not prepared to say that had the matter been one of first impression, we would have denied the change of venue; but we are unable to find in the record presented a sufficient basis upon which to rest any conclusion that the discretion of the trial court was abused. In reaching this conclusion we have been much impressed by one circumstance in the record. Appellant, at the time he killed Weir, stood indicted for shooting and wounding Weir in January of the same year. It appears from an avowal put into the record by appellant, a jury acquitted him under this charge, at the same special term of court at which application for the change of venue was made in the case at bar.

The objection that a special venire was summoned from Warren County, the home of an employed attorney for the prosecution, is without merit. It will not do to say that the employment of an attorney in any county so subjects its otherwise properly qualified citizens to bias as to prevent their fair service in the jury box.

It is urged upon the argument for appellant that the second clause of the instruction upon self-defense, whereby the jury was restricted from finding him guiltless under the general theory of self-defense, in case he should first have assaulted Weir with a pistol, was erroneously given because there was no evidence upon which the restricting clause might be based. The rule is sound; but the evidence is not wanting. At least, there are admissible facts in the record from which the jury might with entirely sound judgment believe that at one stage of the difficulty, a stage preceding its fatal termination, appellant had first assaulted Weir with a pistol, then

found himself in danger, and then fired the fatal shot. Weir was struck by three bullets, and only three shots were fired. His own weapon was found fully loaded beside his dead body. Dr. London describes the wounds— one in the back from right to left, one across the front of the body from left to right, and a smashing powder-marked wound entering in the left jaw. He says that the head wound caused the death—an immediate cessation of consciousness, and the fall; that neither the back nor the frontal wound would have caused Weir to fall. When he fell, he lay in the narrow aisle with his left side, the side of the facial wound, toward McElwain. The back wound, therefore, could not have been made as Weir fell, for, according to this witness, it was from right to left. Nor, reasonably, could it have been the intermediate, or second wound; for this would have necessitated Weir's turning, after the wound entered the left rib, to receive the wound entering back of the right shoulder, and turning yet again to receive the fatal wound in the left jaw. It results that the jury had before it testimony from which it might well conclude that the wound in the back on the right was the first, the wound in the left side the second, and the fatal left facial wound the last. Now it is in evidence that the wound from the left side, after crossing the body and leaving the right side, wounded the upper right arm of Weir; and, as is well argued by appellant, he doubtless then was raising for use the weapon in his hand. Certainly, therefore, the facts warranted the trial court in submitting the qualified or limited instruction upon self-defense; for the jury might well find from the evidence that when McElwain killed Weir, he did it to save his own life from Weir's weapon then lifting, and yet believe that McElwain had brought on his peril by first assaulting Weir with a pistol—the shot in the back. It is true that another witness believed that the wound in the rear entered from the left, but the court properly based the instruction on all and not part of the evidence. It follows that the modification was not error upon the facts. Its phraseology is that directed to be given in White v. Commonwealth, 31 Ky. Law Rep., 271, s. c. 125 Ky., 699, cited by appellant.

At the time of the killing the Commonwealth had pending against McElwain an indictment for shooting and wounding Weir in the prior January. For this shooting Weir brought his civil action against McElwain, in which he recovered a judgment against McElwain.

The pendency of both these proceedings was permitted to go to the jury to show motive; and the trial court properly admonished the jury that such testimony was admitted for that purpose alone. Appellant does not urge that the pendency of the two proceedings was inadmissible; but that the result of the civil proceeding was erroneously admitted; that even though it were admissible, it was not properly introduced, because the circuit court's order book was not brought forth to show the judgment; and it was orally argued that the trial court admitting the result in the civil action, should have admitted the result in the criminal as well. It would have been the better practice had the trial court limited the proof of the civil action to its nature and pendency; and excluded the result. But the error in this respect, if any, as well as that in the failure of the clerk to testify from his record, was not prejudicial to any substantial right of defendant. A much wider range of motive testimony was admitted in Bess v. Commonwealth, 116 Ky., 927. Certainly the trial court correctly excluded the result of the trial for the January shooting; for that trial was not had until after the killing, and its result could illuminate in no way the motive for a killing already done.

Appellant complains because the attorney for the prosecution was permitted to comment upon the failure of Lum Vance, under indictment with him, to testify. Vance and appellant demanded and were allowed separate trials. The prohibition against comment upon the failure to testify, found in section 223, Criminal Code, sub-section 1, applies to the defendant on trial. Vance was not upon trial. He was undoubtedly a competent witness for McElwain. True, he could not have been compelled to testify to any self-incriminatory fact; but that was a privilege of which he might or might not have felt occasion to avail himself. Had Vance been called as a witness, and declined to testify, no comment would have been permitted; but when he was not offered at all, the failure to call him was a legitimate subject of comment. The precise point was so decided in Davis v. Commonwealth, 121 S. W., 429. It is equally clear that the court properly excluded from the argument of defendant's counsel facts occurring or failing to occur at the coroner's inquest and the examining trial; since the particular facts in this instance were not in evidence, nor competent as evidence. We have reviewed with painstaking care the other objections to the argument for the

prosecution, and find no reversible error. We think the argument comes well within the rule declared in Housman v. Commonwealth, 128 Ky., 818, and approved in Cox v. Commonwealth, 118 S. W., 282; Hunn v. Commonwealth, 143 Ky., 143, and Oldham v. Commonwealth, 136 Ky., 789. The newly discovered evidence relied upon in the motion for a new trial is of no material consequence. It is not sufficiently explicit to amount to a contradiction of the Commonwealth's witness, whose testimony it is supposed to contradict.

Modern thought and modern spirit in criminal procedure will no longer tolerate the rigid technicalities once enforced in the defendant's favor in criminal prosecutions. This court has in its recent declarations aligned itself with the modern view. Its purpose is to examine the record in an effort to ascertain whether the defendant had been fairly tried—a fair trial not measured by iron-clad and inelastic rules so frequently thwarting justice, or wearing away by delays and reversals the possibility of applying justice, but measured instead by the searching application of reason to test from the record whether injustice has been done. When such an examination discloses no substantial error against the defendant during the progress of the trial, such as would interfere with his obtaining substantial justice, the judgment will be affirmed. Gordon v. Commonwealth, 136 Ky., 508. We have been impressed with the diligence and detailed care with which, step by step, the defendant's counsel safeguarded his rights upon the trial. The testimony was not extended nor was there much of contradiction. The jury upon the testimony, in a trial substantially fair, returned a verdict of guilty, and the judgment thereupon should be and is affirmed.