## Jones v. Commonwealth.

(Decided Sept. 28, 1937.)

RICHARD F. LYNCH for appellant.

HUBERT MEREDITH, Attorney General, and J. K. LEWIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is by Gordon Jones from a judgment sentencing him to five years in the penitentiary.

The indictment charges Jones, Harold M. Cordell, and John M. Winfrey, alias R. S. Merten, with the crime of confederating and banding together for the purpose of doing a felonious act (sec. 1241a-1, Kentucky Stats.), namely, to obtain property from another by false pretenses with the intention of committing a fraud, and that such object was accomplished. Sec. 1208, Kentucky Stats. The appellant suggests that the indictment is defective because it is "uncertain, duplicitous and ambiguous." We are of opinion that the demurrer to the indictment was properly overruled.

The Central Labor Union of Louisville was preparing to hold a picnic at Swiss Park on Labor Day, September 7, 1936. On September 3d, by telephone, Winfrey, giving his name as Merten, solicited the donation of some cigars by the Reiss-Dabney Cigar Company to be given as prizes at this picnic. Jones and Cordell were with him at the time in a room on Market street maintained by Cordell. Charles Hassler, a boy who had been working for Cordell and who occasionally had acted as messenger for Jones and Winfrey, testified to Winfrey's conversation and that he sent him for the cigars. Jones gave him a memorandum with the name and address of the cigar company. This was on a printed form of the Journal of Labor, a periodical for which Jones had been employed as a solicitor of advertising. Presenting this memorandum to the officer of the cigar company with whom Winfrey had talked, Hassler was

given two boxes of cigars worth $2.50. He took them back and delivered them to Jones. Jones borrowed a dime from Cordell and paid him for the errand.

According to Ruth Shaw, who was employed by Jones in his business as an advertising solicitor, they were at his office on Jackson street two days later when Jones received a telephone call. Concluding the conversation, he told the witness that Cordell had been taken to the detective headquarters and the officers were coming after him. Jones gave her $1.25 and sent her out for a box of cigars. When she returned with it, Jones wrapped the box with another and directed her to take them as quickly as she could to Mrs. Zinninger at Swiss Park and to get a receipt for them on a form which he gave her.

The president of the Central Labor Union, who was the chairman of the picnic committee, testified that none of these men nor any one else was authorized to solicit donations or gifts for that organization or for the picnic. The Journal of Labor had no connection whatever with the union. Under proper admonitions as to the corroborative purpose of the evidence, Hassler testified that these three men had been making solicitations for the Labor Day picnic over the telephone from Cordell's room for about a week, and on the same day he had gone out for other cigars from another company and also some coffee, which he had delivered to Jones, who also paid him for those errands.

The defendant denied being present and knowing anything about Winfrey's soliciting the cigars. He denied giving the memorandum and sending Hassler out for them and receiving the cigars from him. He was employed by the Journal of Labor to solicit advertisements and had used Hassler as a messenger in that connection on two occasions. Cordell was a preacher and conducted a mission at the Market street address. Jones had rented his telephone because the one at the magazine office was busy all the time. As to the testimony of Miss Shaw, the defendant testified that he was informed in the telephone conversation that Cordell was at jail headquarters. He told her that Winfrey had done wrong and the officers would get him unless he got the cigars delivered. He had left instructions for her to take them to Swiss Park. Winfrey had $11.25 coming to him and he had told Jones to give Miss Shaw $1 for the cigars

and 25 cents for car fare. He did this, and she bought the cigars and took them to the park. At least, she brought him back a receipt for them. This was all he knew of the transaction. There was some little contradiction in his testimony of that given on a previous trial.

Mrs. Zinninger, the wife of the caretaker at Swiss Park, testified that Miss Shaw brought the cigars to her on September 5th. Without objection, she related that one of the men in charge of the picnic told her they were not for the Labor Union and for her to hold them. About two months later this man obtained the cigars from her.

The offense of which the appellant was convicted is a statutory conspiracy, and a conspiracy is a corrupt combination of two or more persons by concerted action to commit a criminal act. It may embrace other objects not of material consideration here. Commonwealth v. Donoghue, 250 Ky. 343, 63 S. W. (2d) 3, 89 A. L. R. 819. The question raised here is whether the evidence was sufficient to establish the guilt of the accused of such an evil combination. It seems to us the Commonwealth established a concert of action or a joint participation by Jones and Winfrey, at least, to obtain the cigars fraudulently by false representations. Baird v. Commonwealth, 241 Ky. 795, 45 S. W. (2d) 466. The accomplished object is in itself a felony, punishable by imprisonment from one to five years, the small value of the property not being material. Section 1208, Kentucky Statutes; Jackson v. Commonwealth, 86 Ky. 1, 4 S. W. 685, 9 Ky. Law Rep. 265. Therefore, the point made that the trial court should have directed a verdict of not guilty must be denied.

It is argued that the court should have given an accomplice instruction (section 241, Criminal Code of Practice) submitting to the jury the question of fact whether the witnesses Hassler and Shaw were accomplices of the defendant, and, if they were, that no conviction could be had upon their uncorroborated testimony. The judge specifically interrogated each of these witnesses with a view of learning whether they had guilty knowledge of or any connection with the transaction. There is nothing whatever to indicate that the messenger boy knew that the solicitation and reception of the cigars was unauthorized or fraudulent. Miss Shaw likewise was shown not to have had any guilty knowledge of the scheme. Her connection arose after the crime had been consummated. If it be regarded that

she then learned of it and participated in the defendant's effort to absolve himself and his associate, she was an accessory after the fact and consequently not an accomplice. Marcum v. Commonwealth, 223 Ky. 831, 4 S. W. (2d) 728; Tussey v. Commonwealth, 241 Ky. 91, 43 S. W. (2d) 351.

The assistant Commonwealth's attorney had the right to comment upon the failure of the defendant to introduce as a witness either of the two men with whom he was charged to have conspired. His statement that the Commonwealth's evidence was uncontradicted was not justified in so far as it related to the defendant's connection with the scheme, for he had denied it. In no event, however, can such a statement be regarded as prejudicially improper.

The defendant sought another trial upon the ground of newly discovered evidence. His affidavit, after setting forth his confinement in jail and resulting inability to learn it sooner, stated that Ruth Shaw, if called upon, would testify that he was not with Winfrey and Cordell on September 3d and would sustain his claims that he was at the Jackson street address. The defendant's attorneys made affidavit of their innocence of her knowledge of this fact at the time of her presentation as a witness, and also that she had subsequently stated to them what she knew in this regard. It was further stated they could not locate the witness. The affidavit of an official stenographer stated that Miss Shaw had told the defendant's attorneys in his presence that he was at the Jackson street address all day of September 3d and she would have so testified had she been asked. The defendant knew during the trial better than any one else whether this witness was with him all during that crucial day. It was too late after his conviction to say that he did not know she would have testified to that effect had she been asked. We are of opinion that the trial court properly denied a new trial upon this ground. Crawford v. Commonwealth, 225 Ky. 282, 8 S. W. (2d) 406; McGee v. Commonwealth, 246 Ky. 445, 55 S. W. (2d) 382.

Judgment affirmed.