## Moore et al. v. Commonwealth.

Nov. 11, 1941.

E. Selby Wiggins for appellant.

Hubert Meredith, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Affirming.

James McGuire, George Perry Moore, and Oliver Ramsey were jointly indicted in the Madison circuit court for the crime of conspiracy to commit a felony, to wit, uttering a forgery. They were tried together, and each was convicted and sentenced to a term of two years in the state penitentiary. Moore and Ramsey have appealed. They assign as grounds for reversal of the judgment: (1) Insufficiency of the evidence to sustain the verdict; (2) admission of incompetent evidence; (3) the indictment was defective; and (4) erroneous instructions.

No proof was introduced by the defendants. Proof for the Commonwealth showed that a check for $9.40 payable to Thomas Lawson and purporting to have been signed by W. G. Broyles was presented to the United Department Store in Richmond, Kentucky, by James McGuire, who represented himself to be Thomas Lawson. Broyles testified that he never signed the check, and Ed Wayman, manager of the United Department Store, testified that the check was presented by James McGuire, who represented himself as Thomas Lawson, and that he gave McGuire merchandise and money for the check. Neither Moore nor Ramsey were in the store when the check was presented. Moore was arrested at Stanford, Kentucky, and Ramsey at Brandenburg, Kentucky, and both were returned to Richmond. W. B. Lackey, chief of police of Richmond, testified that Moore, after his arrest, told him that he, Ramsey, and McGuire came to Richmond in Moore's car; that they went to the home of Bessie Lynch on Altamont street in Richmond and went into a room there; Ramsey produced a blank check on the Lincoln County Bank, and Moore filled it out and signed the name of W. G. Broyles to it. McGuire took the check after the forgery and

had it cashed at the United Department Store, and, after buying some liquor, rejoined the others and they went to a roadhouse near Richmond where they filled out another check which was not cashed. Lackey further testified that Ramsey, after his arrest, stated that he was present at the home of Bessie Lynch when the check was filled out. The statements of Moore and Ramsey were not made in the presence of each other, but later all three defendants, in the presence of each other, admitted that they were at Bessie Lynch's house when the check was filled out. Bessie Lynch testified that the three defendants came to her house and asked her for the use of a room. They stayed in the room for about twenty minutes, and during that time refused to permit her to enter. Walter Henderson testified that he saw the three defendants at Bessie Lynch's house, and that they went into a room and remained there for about fifteen minutes. He started into the room they were occupying and was refused admittance.

Aside from the admissions of appellants Moore and Ramsey, testified to by W. B. Lackey, there was ample evidence showing that they and McGuire acted in concert in forging the check and having it cashed. When Lackey was asked to relate what was said to him by Moore after the latter's arrest, the defendants objected and the objection was overruled, but the court admonished the jury as follows: ''The jury is admonished that this evidence is not to be considered to affect the credibility of any witness.'' The admonishment, under the circumstances, was meaningless and probably appears in the transcript of evidence in the language quoted above as the result of an error on the part of the official reporter in transcribing her notes. Undoubtedly, what the court intended to say, and probably did say, was that the jury should not consider the statement of Moore made in the absence of the other defendants as evidence against them. It was competent against Moore as an admission against interest. In any event, it was not prejudicial to the substantial rights of Ramsey since he made a similar admission out of the presence of the other defendants, and all three of the defendants admitted in the presence of each other that they were in the room in the home of Bessie Lynch when the check was filled out. Sutton v. Commonwealth, 207 Ky. 597, 269 S. W. 754.

Appellants' criticism of the indictment is based on

the theory that there can be no conspiracy to utter a forged check since it is presented by one person. The indictment charged that the three defendants conspired to commit a felony, to wit, uttering a forgery, and that said conspiracy was consummated by presenting to the United Department Store a check drawn on the Lincoln County Bank of Stanford, Kentucky, for the sum of $9.40, to which the name of W. G. Broyles had been knowingly forged. The proof shows that the three defendants acted in concert in the preliminary acts necessary to the consummation of the crime of uttering a forged instrument, and that one of them was selected to present the forged check and obtain the money. A "conspiracy" is a corrupt combination of two or more persons by concerted action to commit a criminal act. Jones v. Commonwealth, 269 Ky. 795, 108 S. W. (2d) 1021. A conspirator who did not actually perpetrate the deed may be convicted if the crime was committed in pursuance of the conspiracy and while it existed. Tincher v. Commonwealth, 253 Ky. 623, 69 S. W. (2d) 750. We find no merit in appellants' contention that the indictment was defective.

It is contended that an instruction should have been given under Section 240 of the Criminnal Code of Practice, which reads: "A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed." There was other proof that the offense charged in the indictment had been committed, and it was unnecessary to instruct under this section of the Criminal Code of Practice. Robey v. Commonwealth, 243 Ky. 407, 48 S. W. (2d) 822; Herron v. Commonwealth, 247 Ky. 220, 56 S. W. (2d) 974. Likewise, an instruction under Section 241 of the Criminal Code of Practice was unnecessary. In Sutton v. Commonwealth, supra [207 Ky. 597, 269 S. W. 758], where the facts were similar to those in the present case, the court said:

"As we view the evidence, the failure of the trial court to instruct the jury, in the language of Section 241, Criminal Code, substantially declaring that one charged with crime cannot be convicted upon the uncorroborated testimony of an accomplice, did not, as insisted by counsel for the appellant, constitute reversible error.

246

"In Bouvier's Law Dictionary (Ed. 1897) p. 1113, the word 'testimony' is thus defined:

" 'The statement made by a witness under oath or affirmation.'

"In 8 Words and Phrases [First Series], page 6933, it is said:

" 'The term "testimony" is defined to be words uttered by witnesses in court.'

"In this case none of the testimony furnishing evidence of the appellant's and his accomplices' confessions of his and their guilt of the crime charged, was given by the accomplices, Gaylog and Cook, or either of them. But the whole of such testimony came from witnesses, strangers to the crime, to whom the confessions were voluntarily, and without disagreement as to details, made by the appellant and the accomplices when all were together. Manifestly, the section of the Criminal Code, supra, can have no application to the testimony given by the officers and others to whom the confessions of guilt were made by the appellant and his codefendants."

Finding no error prejudicial to appellants' substantial rights, the judgment is affirmed.