## Anderson v. Commonwealth.

Dec. 5, 1941.

John H. Asher and S. E. Duff for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellant, Charlie Anderson, was tried upon an indictment charging him with the murder of Irvin Wooton. He was convicted of voluntary manslaughter and his punishment was fixed at 7 years' confinement in the penitentiary. He seeks a reversal of the judgment on two grounds: 1. The court failed to instruct on the whole law of the case; 2. improper arguments were made by the attorneys representing the Commonwealth.

Although we have read the record and are conversant with the facts disclosed therein, it is not necessary to relate or discuss them in disposing of the two questions raised in appellant's brief. The first one goes off on a rule of procedure and the second has no connection with the particular facts involved in this case.

Appellant's motion and grounds for a new trial makes no complaint of the instructions given, nor of the failure of the court to give the whole law of the case, indeed, no mention of the instructions is made in the motion for a new trial. No rule is more firmly established in the judicial procedure of this State than the one forbidding this court to consider on appeal matters occurring at the trial and before the verdict which are

not specified in the motion and ground for a new trial. Criminal Code of Practice, Section 274; Thompson v. Com., 122 Ky. 501, 91 S. W. 701, 28 Ky. Law Rep. 1137; Finney v. Com., 190 Ky. 536, 227 S. W. 999; Bowling v. Com., 230 Ky. 387, 19 S. W. (2d) 1086.

Even if the record had been in shape to enable us to consider appellant's argument that the self-defense instruction should have allowed him to shoot in defending himself not only against deceased but also against his companion, it would not have been correct to include such in the self-defense instruction for the reason there is no evidence that appellant was in danger from deceased's companion. The record shows appellant did not know deceased had a companion until after the tragedy. The instructions in every case should present the law applicable to the particular facts proven and no theory of the case unsupported by proof should be covered by the instructions. Sewell v. Com., 284 Ky. 183, 144 S. W. (2d) 223, and authorities there cited.

The motion for a new trial, also the bill of exceptions, show appellant objected to that part of the argument of the attorneys representing the Commonwealth wherein they commented on his failure to introduce as a witness his father, whom some of the Commonwealth's witnesses testified was near defendant at the time of the homicide. Section 1645, Kentucky Statutes, allows the defendant in a criminal prosecution to testify in his own behalf, but provides his failure to do so may not be commented upon. However, this statute does not extend to the defendant immunity from comment upon his failure to introduce other witnesses, and it was not improper for the attorneys representing the Commonwealth to comment upon his failure to offer his father as a witness. 23 C. J. S., Criminal Law, Section 1099, p. 566; McElwain v. Com., 146 Ky. 104, 142 S. W. 234; Thomas v. Com., 257 Ky. 605, 78 S. W. (2d) 777; Divine v. Com., 236 Ky. 579, 32 S. W. (2d) 627; Jones v. Com., 269 Ky. 795, 108 S. W. (2d) 1021.

The judgment is affirmed.