## Patton v. Commonwealth.

January 21, 1947.

J. M. Kennedy for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Bill Patton, has been convicted of the crime of voluntary manslaughter, and sentenced to a term of two years in the penitentiary. The indictment under which he was tried charged that while operating a motor vehicle in a negligent, reckless, and wanton manner he drove the automobile over Raymond Sidwell and killed him. Sidwell, a soldier on furlough, was driv-

ing an automobile toward Monticello, Kentucky, when, according to the evidence for the Commonwealth, a truck driven by appellant approached from the opposite direction at a rapid rate of speed on its left-hand side of the road. Sidwell pulled his automobile to the right onto the berm of the road, and had brought it almost to a stop when the truck struck it on the left side, tore off the door, and carried the door almost a mile down the road. Sidwell received injuries which caused his death within a few hours. The collision occurred one mile south of Monticello at about 8 p. m. on Sunday, October 14, 1945. In the automobile with Sidwell were Maud Sexton and her mother, Hattie Sexton. Appellant admitted that he left Monticello in a truck about 8 o'clock on the night the collision occurred and drove to his home about 2½ miles south of Monticello, but denied that his truck collided with the Sidwell car or was in an accident on his way to his home. However, the evidence was amply sufficient to sustain the jury's finding that the truck driven by appellant struck Sidwell's car, and no contention to the contrary is made.

The sole ground urged for reversal of the judgment is the failure of the court to give an instruction on accident. It is argued that an instruction similar to the following instruction, approved in Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164, 167, should have been given:

"If the jury believe from the evidence that the killing of * * *, referred to in the indictment and instructions herein, resulted from an accident, occurring otherwise than as set forth in instructions two and three, then they will find the defendant not guilty."

The court gave five instructions to the jury. The first was on voluntary manslaughter, the second on involuntary manslaughter, and the third defined the terms "reckless," "wanton," "carelessly," and "negligently," the fourth covered the question of reasonable doubt as to the degree of the offense, and the fifth was the general reasonable doubt instruction. In a criminal prosecution, the instructions should present the law applicable to the particular facts proven, and no issues except those presented should be instructed upon. Anderson v. Commonwealth, 288 Ky. 576, 156 S. W. 2d 860; Marcum v. Commonwealth, 254 Ky. 120, 71 S. W. 2d 17. Appel-

lant's sole defense was that he was not present when the collision occurred, and he so testified. The relevant direct testimony and the physical facts showed conclusively that the collision occurred to the left of the center of the road in the direction in which the truck was traveling. One witness introduced by the accused testified that he was walking south along the road and met the automobile driven by the deceased a few hundred feet from the point of the collision. The automobile was then traveling in the center of the road. This was not sufficient to authorize an instruction on accident. Bradley v. Commonwealth, 271 Ky. 253, 111 S. W. 2d 414; Farley v. Commonwealth, 263 Ky. 769, 93 S. W. 2d 858; Carter v. Commonwealth, 258 Ky. 807, 81 S. W. 2d 883. In Jones v. Commonwealth, supra, the accused drove an automobile over and killed a young girl, but the evidence tended to show that the homicide was accidental and that was the defense interposed.

The judgment is affirmed.