## Francis v. Commonwealth.

November 1, 1949.

Isaac Turner for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

MORRIS, COMMISSIONER—Affirming.

Appellant, along with Barney Lee and Tom Jones, was indicted on a charge of grand larceny, it being alleged that they stole 16 mine car wheels and several tons of steel rail, the property of Day and Stacy, operators of a truck mine in Leslie County. Following a motion for severance, the Commonwealth elected to try appellant; the jury returned a verdict of guilty, fixing the penalty at imprisonment for a period of two years.

There are presented only two grounds for reversal,

one being that there was not sufficient evidence to warrant a submission to the jury, and that the court should have directed the jury at the close of the Commonwealth's testimony to find for defendant. Second: Because the Commonwealth's Attorney in his closing argument made prejudicial argument to the jury by saying, "If the defendant bought the scrap iron at the Knott Coal Company, then why did he not bring some witness to show that he bought it there?"

These arguments require a brief statement of the proven facts. Day and Stacy, the owners of a truck mine, had employed Francis, Jones and Lee at the mine. The latter two were car loaders; Francis drove a Red Reo truck which he owned. Appellant was employed for about six weeks when he was laid off. A few days thereafter the mine owners found that 16 mine car wheels and 10 tons of steel were missing from the mine property. The total value of the missing property was fixed at more than $500.

The mine owners went to a junk yard in Lexington, found and identified some of the wheels and steel. One of the owners testified that truck tire marks matching those of appellant's truck were found about the mine after discovery that the property had been taken.

Gordon, the Lexington junk dealer, testified that Lee and two other men had sold the wheels and steel, and identified appellant as being one of the three, though he thought he claimed to be Barney Lee. Two employees of Gordon, while not identifying the men, said they helped unload the car wheels and steel from a Red Reo truck. Another witness testified that about the time of the alleged stealing he saw a Red Reo truck parked in the vicinity of the mine. This evidence was amply sufficient to warrant the passing of the case to the jury, and to justify the court in overruling appellant's motion for a directed verdict.

In his defense appellant admitted that he hauled some wheels and steel to the Gordon junk yard in Lexington, but said he did this for Barney Lee who had bought the property from the Knott Coal Company in Knott County. Lee, who testified for appellant, admits that he and appellant took the property to Lexington and it was sold to the junk dealer in Barney's name.

320

It is quite noticeable that he does not say the property was bought from the Knott Coal Company, or elsewhere. All three denied that the property was taken by them from the Day-Stacy mine.

Appellant introduced his father and mother, who testified that appellant was at home on the night of September 16, and up until 9 o'clock the next day, apparently about the day the material was hauled to Lexington. Their testimony is more confusing than enlightening, but might have had some influence if appellant had not admitted that he hauled the material to Lexington in his truck. There is some proof by the father that some car wheels and steel were around his premises.

The contention that the remarks of the attorney in his closing argument were prejudicial is of no merit. Appellant had testified that he hauled the material for Lee, who had bought it from the Knott Coal Company, a matter which could have been readily proven, if true. It was not prejudicial for the attorney to comment on the failure to introduce testimony showing the alleged purchase. While we have held that prosecuting counsel may not comment on the failure of the accused to testify, it is allowable for him to comment upon his failure to introduce other witnesses on defensive matter. Anderson v. Com., 288 Ky. 576, 156 S. W. 2d 860, and cases cited; Thomas v. Com., 257 Ky. 605, 78 S. W. 2d 777.

We find no ground which would justify reversal of the judgment.

Judgment affirmed.