**L. C. PERKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 15, 1959.

H. M. Brock & Son, Harlan, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Frankfort, for appellee.

STANLEY, Commissioner.

The appellant, L. C. Perkins, was jointly indicted with William Worthington and Wilson Williams for the murder of Robert Thomas. On a separate trial Perkins was convicted of voluntary manslaughter and sentenced to five years' imprisonment. His codefendants testified for the Commonwealth.

The three men and others had been engaged in a gambling game called "skin," which, it is said in appellant's brief, is played with cards and is known only to the colored race. About 3 o'clock in the morning the game broke up in a row when Thomas was accused of cheating. Perkins and Williams got in Worthington's automobile to be taken home. Without being invited, Thomas got in on the back seat with Perkins. Along the way Perkins insisted that Thomas pay him back fifty cents which he had loaned him so that he could get into the game, and called his attention to the fact that he had been caught cheating. Thomas told Perkins he had a knife and would cut him if he tried to take a quarter from him. Perkins called out, "Stop the car, he's cutting me," and Worthington stopped. Williams jumped out of the car, called out, "You all stop fighting," and demanded that

Thomas not cut Perkins any more. Whereupon, according to Williams, Thomas struck at him with his knife, and he threw a rock at Thomas. Williams testified that during this fight defendant Perkins struck Thomas on the head five or six times with a "stick." While he was unconscious, Thomas was put in the automobile to be taken to his home, according to Worthington; but they could not find where he lived, so they dumped him out "at the church house" and left him there. He died later in a hospital as the result of a fractured skull. Police officers found a club at the scene of the fight, which was filed in evidence. The doctor who had treated Thomas at the hospital expressed the opinion the fracture could have been caused by the use of this club; also, that it could have been done by a rock.

The defendant's testimony is to the effect that in his self-defense he had struck the deceased only with his fist and that Williams had hit Thomas with a rock.

Counsel for the appellant, who represents him under appointment of the court, argues that both Williams and Worthington were accomplices of Perkins and that there was no evidence corroborating their testimony, hence, that the court should have directed a verdict of acquittal.

■ The court submitted to the jury the customary instruction defining an accomplice and stating that if the jury believed that Williams was an accomplice of the defendant Perkins, he could not be convicted on Williams' testimony unless it was corroborated by other evidence tending to connect the defendant with the commission of the offense. No reference was made to Worthington as a possible accomplice, the court regarding the evidence as not showing him to have been such. The only connection that Worthington had with the fight and killing was that he drove the automobile, stopped it when called upon to do so by Perkins and then saw at least a part of the fighting, which occurred back of the car. Both the defendant Perkins and

Williams testified Worthington had nothing to do with the fight. So, the undisputed evidence is that Worthington was only present and had no part in the killing. True, he, Perkins and Williams picked up the unconscious man and finally left him on the street unattended. At most, this would have constituted Worthington only an accessory after the fact. But such an accessory is not an accomplice of a principal so as to require an instruction on corroboration. We thing the court correctly regarded Worthington as not an accomplice. Head v. Commonwealth, Ky., 310 S.W.2d 285.

■ Included in the verdict is the statement, "We the jury believe that Wilson Williams was an accomplice." Concerning the sufficiency of the corroborative evidence required by § 241, Criminal Code of Practice, the appellant contends that eliminating Williams' testimony, the evidence introduced by the Commonwealth did not establish the defendant's guilt. At one time the court had drifted away from the terms of § 241, Criminal Code of Practice, and held that corroborative evidence must in itself have been sufficient to establish the guilt of the accused independently or exclusively of the accomplice's testimony. See, for example, Shields v. Commonwealth, 203 Ky. 118, 261 S.W. 865. But the court in Williams v. Commonwealth, 257 Ky. 175, 77 S.W.2d 609, 611, reviewed the rationale of the rule requiring corroboration of the testimony of an accomplice and returned to the construction originally given the Code provision and held it to be sufficient if there was any "other evidence tending to connect the defendant with the commission of the offense," which is the language of § 241, Criminal Code of Practice. In that and subsequent cases we have held that corroboration is sufficient to sustain a conviction although the corroborative evidence may not be sufficient in and of itself to establish the defendant's guilt.

■ We think the evidence of Worthington came within this rule, and that it

was enough for the jury to find that Williams' testimony was corroborated.

The court did not commit an error in refusing to admonish the jury at the close of the Commonwealth's evidence concerning the "credibility" of the evidence of Williams and Worthington. As stated, the court took care of the necessity of corroboration by an instruction, which is much the better way. Indeed, a written instruction rather than an oral admonition is required. Evans v. Commonwealth, 299 Ky. 273, 184 S.W.2d 981.

Finding no prejudicial error, the judgment is

Affirmed.