**415**

Reed WEBB, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 23, 1959.

As Modified on Denial of Rehearing
Dec. 18, 1959.

Shumate & Shumate, Thomas D. Shumate, Richmond, Brown, Sledd & McCann, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Reed Webb was charged with murder. He was tried and convicted of manslaughter. His punishment was fixed at fifteen years in the penitentiary. This Court reversed an identical judgment rendered on the first trial of this case. Errors therein assigned are not involved here. Webb v. Com., Ky., 314 S.W.2d 543.

This is a case of patricide. The killing occurred at the home of the father. The record discloses that the father, the appellant's brother and mother, and the appellant himself were living there. Appellant coming home from work found his father and brother there. The father was drunk and the mother had gone to a neighbor's to spend the night and avoid his father's abuse. He cursed, abused and threatened to kill appellant who was also forced to go elsewhere. Sometime during the night appellant found his mother who related to him the previous incidents of the day. By avowal it is shown that the mother expressed her fear of the father and asked the appellant to come back to the house the next morning and "check on him." The son went to the house on the following morning.

Appellant states that when he got upon the porch his father grabbed a handy shotgun over which they scuffled. Appellant states that he managed to take the shotgun away from his father, that his father immediately drew a pistol and that he shot his father with the shotgun. Self-defense is appellant's sole plea in this case.

On this appeal appellant argues that the judgment should be reversed upon the following grounds: (1) Error in refusing to grant a continuance, (2) error in refusing to permit appellant to introduce competent evidence, and (3) improper argument by Commonwealth's attorney to the jury. We shall discuss them in the order named.

■ Granting of continuances rests within the sound discretion of the trial court and we will not disturb the court's order unless that discretion has been clearly abused. Lusk v. Com., 291 Ky. 339, 164 S.W.2d 389; Dodd v. Com., Ky., 255 S.W.2d 464; Knuckles v. Com., Ky., 261 S.W.2d 667.

This case was set for trial on February 9, 1959. It appears that appellant became ill with appendicitis on that day and for that reason the case was continued until February 16, 1959.

■ Upon the calling of the case on February 16th, the defendant announced not ready because of the absence of Estill Edwards, who had been recognized on the 9th day of February, and further because of the absence of Kenneth Harrison, Robert Pearson and Boyd Pearson for whom a subpoena had been issued on February 11th to Jackson County where it is claimed that the absent witnesses resided. The motion for continuance was overruled and the case passed until the next day. Upon the court's ruling the appellant immediately had another subpoena issued to Jackson County commanding the appearance of these same witnesses on the following day, February 17. When the case was called on that day the same witnesses were absent. Another motion for continuance was filed incorporating the grounds set forth in the previous motion. This motion was overruled and the trial proceeded in the absence of these witnesses. Robert Pearson and Boyd Pearson had testified on the previous trial of the case and the testimony of each was read on behalf of defendant.

We have held that it is not error to deny a continuance when the testimony of absent witnesses is available from the record of a previous trial of the case. Taylor v. Com., 262 Ky. 126, 89 S.W.2d 630. It is our opinion that the trial court did not abuse its discretion in overruling the motion because of the absence of the two Pearsons.

Appellant's affidavit in support of his motion for continuance says that Edwards would testify that on the morning of the tragedy he and Harrison, his companion, while travelling on the highway near the decedent's home, had a flat tire and that Edwards remained in the car while Harrison went down the highway to obtain help from a garage located on the highway beyond the decedent's home; and that Harrison would testify that as he walked past the decedent's home he saw two men wrestling and struggling over

what appeared to be a stick or shotgun, that in another instant he heard a shot and saw one of the men "turn and fall on the porch or in the house and the other person whom he later learned was Reed Webb," run from the porch "with a shotgun in his hand."

■ It is stipulated in the record (though not appearing in the transcript of evidence) that appellant offered to read this affidavit with respect to the absent witness Harrison and that its introduction was rejected on the Commonwealth's objection. It is contended that having declined to grant a continuance, it was error for the court not to permit the reading of the affidavit. We agree that the testimony would have been competent and material and that the reading of the affidavit should have been permitted (assuming, as stipulated, that it actually was offered in evidence). However, the error was not prejudicial to appellant, because the testimony would have supported only so much of appellant's version of the event as related to the fact that the shooting was preceded immediately by a struggle. It would not have shed light on the question of who was the aggressor and, therefore, whether appellant was acting in self-defense. Since appellant was convicted of the crime of voluntary manslaughter rather than murder, and since there was no evidence whatever of heat and passion on the part of appellant, we must presume that the jury did indeed find that there was an *affray*. Therefore, any prejudice resulting from the omission of this evidence was cured by the verdict. It found anyway the very thing the evidence tended to prove.

Appellant next complains that the court erroneously refused to permit competent evidence to be introduced on his behalf.

■ During appellant's examination in chief he was asked, "Why did you go back the next day?" The Commonwealth objected. The court sustained the ob-

jection and defendant was not permitted to answer. He then made an avowal to the effect that she requested his return for the purpose of checking on the father, and that she told him the father had with a shotgun made her leave home and she was afraid he would kill her.

Appellant complains that this was reversible error. Appellant was on trial for murder and the question was thoroughly competent in that the answer might tend to refute any implication of preconceived evil purpose or predetermined wrongful act. In other words, should the plea of self-defense fail, appellant was entitled to the information provided by the answer for the purpose of showing manslaughter rather than murder. Except for that purpose the reasons for his being there would, under a plea of self-defense, be wholly immaterial and irrelevant. The jury found him guilty of the lesser offense. The purpose of the information sought by the question was accomplished through other means and, in view of the verdict of manslaughter, failure to hear the answer was not prejudicial. Moreover, it should be borne in mind that there was no suggestion in any of the evidence heard on the trial that appellant had any evil motive in returning to his father's home. It was his own place of residence also, and it was completely natural for him to go home after giving his father time to sleep off his drunken rage of the night before. Had the killing occurred at a place where appellant had no call to be, his reason for being there would have been a vital matter, but hardly so in this case.

◼ With respect to his mother's telling appellant that her father had run her off with a shotgun and that she was afraid he would kill her, this would have been extremely important information and material evidence bearing on the *apparent* necessity of his self-defense, except for the fact that she did not tell him any-

thing with regard to his father's homicidal state of mind that he did not already know. The evidence shows that the mother left home before appellant left and that both appellant and the mother were the subject of the father's wrathful and rather indelicate remarks in precipitating appellant's departure. Therefore, the error in rejecting this particular segment of the son's conversation with the mother could not have been prejudicial. On the whole case, the fact that appellant shot his father nearly in the center of the back argues strongly that there was very little in the trial that worked to his prejudice.

◼ The record shows that appellant's brother was at home and heard the father's threats on the night before the killing. The record further shows that the mother was in the house when the shooting occurred on the porch and could possibly have seen and heard some of the things related to the jury by appellant. Neither the mother nor brother testified at the trial. The prosecuting attorney, during his closing argument to the jury, commented more than once on the failure of defendant to introduce them as witnesses. Appellant charges the prosecutor with misconduct in so commenting and insists that it constitutes a reversible error. We have found none and are of the opinion that the comment did not constitute such error. See Anderson v. Com., 288 Ky. 576, 156 S.W.2d 860; Francis v. Com., 311 Ky. 318, 224 S.W.2d 163.

◼ Appellant further complains that the prosecutor went out of the record to comment that he was disabled and was "living on his father" at the time of the shooting. This statement was improper but not so inflammatory as to affect the verdict of the jury.

Upon considering the whole case we find no prejudicial error and the judgment is affirmed.