Garnett RUE, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 2, 1961.

Thomas Underwood, Jr., Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

This appeal turns on whether an instruction should have been given covering the testimony of an accomplice.

Garnett Rue, the appellant, was convicted of "being an accessory before the fact of unlawfully, maliciously and feloniously aiding, assisting and abetting Marshall Miller with an offensive weapon, a pistol, of assaulting Cecil Moberly with the felonious intent to rob him" (KRS 433.150, 431.160) on May 4, 1959, in Lexington, and was sentenced to twenty-one years in the penitentiary.

The conviction was obtained through the testimony of Moberly who identified Rue as the man he saw sitting in the back seat of the parked car of the robbers, and the testimony of Marshall Miller, the convicted father-in-law of Rue. Miller was the man who held a pistol on Moberly (he says a toy pistol) after dark, in front of the Moberly home, and relieved Moberly of approximately $500, the daily receipts from his grocery. Miller said he split the haul with Rue and a third person. Bad feeling subsequently developed between the appellant, Rue, and his father-in-law, Miller, and Rue tipped off the police that Miller had robbed Moberly, saying that Miller had told him about it when Miller was drunk. A few weeks after his conviction, after pleading "Not guilty," Miller admitted his guilt, implicated Rue, and testified against Rue at his trial.

The jury might possibly have convicted Rue on Moberly's identification of him alone, but there is no probability that it would have done so in view of the darkness and other circumstances which cast a doubt on the trustworthiness of such testimony. It was the testimony of the accomplice, Miller, which fortified Moberly's identification.

"An accomplice in the meaning of the law is one of several equally concerned in the commission of a crime, either as principal or one who aids or abets in the commission of the crime." Stanley's Instructions, Sec. 946, citing cases. In circumstances such as those presented in this case where the accomplice testified for the State, it has been repeatedly held that the jury should be instructed in the language of Section 241 of the Criminal Code. Craft v. Commonwealth, 80 Ky. 349, 4 Ky.Law Rep. 182; Strader v. Commonwealth, 240 Ky. 559, 42 S.W.2d 736; Williams v. Commonwealth, 257 Ky. 175, 77 S.W.2d 609. In the case at bar, Miller, both by his conviction and his testimony, established himself as an accomplice as a matter of law.

Historically, the original controversy over the testimony of an accomplice centered on whether it was admissible at all because its admission was so fraught with danger of injustice to an accused. With the unfolding power of the common law trial judges to comment on the evidence, it soon became the practice to admit the testimony of the accomplice followed by a counsel of caution by the judge to the jury as to the weight to be given it. In states like Kentucky where the trial judges are not usually permitted to comment to the jury on the weight to be given certain evidence, the common law judge's cautionary practice regarding the testimony of an accomplice became crystallized into a rule of law. Cr.C., 241, 242, Wigmore, Evidence, Third Ed., Secs. 2056–57. In Perkins v. Commonwealth, Ky., 324 S.W.2d 388, we commented that a written instruction on the necessity of corroboration of the testimony of an accomplice was the proper practice rather than an oral admonition from the court, a view which is consistent with the crystalization of the old common law cautionary practice into a rule of law in this jurisdiction. See Wigmore, above.

In view of the scanty evidence—Moberly's identification of Rue—offered in support of the conviction other than the testimony of the convicted accomplice, we think it was highly prejudicial for the trial court not to have offered a cautionary instruction in compliance with Cr.C., Sec. 241. In Chaney v. Commonwealth, Ky., 1957, 307 S.W. 2d 770, where failure to give an accomplice instruction was held not prejudicial, there was much more and stronger evidence available to sustain a conviction without the testimony of the accomplice than in the case at bar, and such also was the case in Moore v. Commonwealth, 288 Ky. 242, 156 S.W.2d 115, cited by the Commonwealth in its brief. It seems to us that the safer and better practice for the trial courts to pursue is to give the instruction. Other points raised are adequately covered in Adams v. Commonwealth, Ky.1954, 264 S. W.2d 283, by Combs, J.

The judgment is reversed for proceedings consistent herewith.