Charles WALKER and Julian Adams, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1972.

---

Charles Walker, pro se.

Julian Adams, pro se.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

This appeal is from a judgment convicting the appellants of the crime of housebreaking (KRS 433.180), under which they were given eight years in prison.

Inasmuch as there is no question raised concerning the sufficiency of the evidence to support the verdict, we shall not detail the evidence except to say that on November 20, 1970, the home of Buford Teater was broken into and various items of property were taken therefrom. The Teater home was located on a dead-end road.

Witnesses observed two men driving on the dead-end road from the direction of the Teater home with a television set in the automobile. The television set was later found and identified as having been taken from the Teater home. The license number of the automobile was taken by the person who met the vehicle. One of the appellants owned the automobile. They were sufficiently identified.

The following arguments are made attempting to reverse the judgment of conviction. Appellants charge (1) it was error of the trial court to permit a written statement of Carrie Masters to be shown to the jury when she was present and testified on the trial; (2) error was committed by the trial court in overruling their motion to dismiss the jury for an alleged statement by one of the jurors; (3) the trial court erred in allowing Tommy Brunner, the jailer, to testify after the defendants had closed their case; and (4) prejudicial argument by counsel for the Commonwealth was allowed.

■ Miss Carrie Masters, a 16-year-old girl, was present at the trial and testified. For some unexplained reason, the Commonwealth presented her prior written statement, and it was shown to the jury. Miss Masters was interrogated concerning this statement. She testified that the contents of the statement were true and denied the insinuation that she was on drugs at the time it was made. The written statement is not in this record. We have no way of knowing whether there is any inconsistency between the statement and her oral testimony. Of course, it was irregular and improper to admit the statement, she being present and testifying. However, without some knowledge of the statement we cannot presume prejudice.

■ The appellants next charge that during the cross-examination of Miss Masters, one of the attorneys for the appellants overheard a juror say: "Why don't they leave that little girl alone?" The court did not hear this remark. But obviously if

the statement was made by the juror, it was in a low tone and no doubt was an expression of sympathy for the girl due to her age and the fact that she had a young baby. Jurors often times become sympathetic with witnesses when their examination or cross-examination is harsh, spirited, or unduly persistent, which is a natural reaction. That is not to say that it is proper for a juror to speak out in the matter. That is a question for the court to control. But we do not think the indiscretion, if it occurred, demonstrated any prejudice against either of the appellants. Kennedy v. Commonwealth, 33 Ky.Law.Rep. 83, 109 S.W. 313 (1908).

■ Appellant complains of the action of the trial court in allowing the Commonwealth to introduce Jailer Tommy Brunner after the appellants had closed their case. Brunner testified to facts which contradicted appellant Walker's testimony in some respects. This evidence takes on the character of rebuttal evidence. The appellants were permitted to take the witness stand and comment on the testimony of Brunner after the latter left the witness stand. It is a well-settled rule of criminal procedure that a trial judge has a wide discretion in allowing evidence to be presented. See Collier v. Commonwealth, Ky., 339 S.W.2d 167 (1960). We find no prejudice here.

■ The appellants' final argument objects to numerous parts of the closing argument of the Commonwealth's attorney. First the attorney for the Commonwealth referred to the fact that the attorneys for appellants had been appointed due to indigency. We wonder why this reference was made to the economic conditions of the appellants. But in any event, we cannot visualize any prejudice to either appellant thereby. In fact, it's possible that it could have aroused some sympathy for them.

The appellants also object to the reference in the closing argument of the Commonwealth to the appellants' failure to call four named persons as witnesses in behalf of the appellants. There was no motion to discharge the jury for improper argument. Anyway, we find no prejudice in the closing argument of the Commonwealth. Webb v. Commonwealth, Ky., 330 S.W.2d 415 (1959), and Francis v. Commonwealth, 311 Ky. 318, 224 S.W.2d 163 (1949).

The judgment is affirmed.

All concur.